**F. E. SAWYER et al., Appellants,**

**v.**

**DONLEY COUNTY HOSPITAL DISTRICT and George W. Smith, Appellees.**

**No. 8437.**

Court of Civil Appeals of Texas, Amarillo.

Aug. 12, 1974.

Rehearing Denied Sept. 9, 1974.

from recognizing any obligation under a contract dated November 20, 1956, between George W. Smith and the Board of Managers of Adair Hospital and enjoining George W. Smith from accepting funds or using facilities of the district for his own gain.

█ Another case, Cause No. 3521 in the trial court, styled Donley County Hospital District v. George W. Smith, is referred to in the briefs and certain of the pleadings. Appeal to this court was not timely perfected in Cause No. 3521 and the tendered transcript was returned unfiled. The record in Cause No. 3521 is not before us.

The relevant pleadings and orders are listed in chronological order below:

*Judgment* in Cause No. 3530 entered March 7, 1973, reciting that plaintiffs and defendants by their attorneys agreed that plaintiffs' suit and the cross action of George W. Smith be dismissed with prejudice and dismissing the cause with prejudice.

*An order setting aside the judgment* in Cause No. 3530, entered on April 6, 1973, the thirtieth day after entry of the judgment of dismissal with prejudice, and reading as follows:

"This the 6th day of April, 1973, the Court having considered a motion to set aside the Judgment heretofore entered in this cause, and being of the opinion that such motion should be granted.

"It is therefore Ordered, Adjudged, and Decreed that the Judgment heretofore entered in this cause on March 7, 1973, be, and the same is, hereby set aside."

The record before us does not include a motion to set aside the judgment of dismissal in Cause No. 3530.

*Motion to Reinstate Judgment*, filed April 13, 1973, by George W. Smith in both No. 3521 and No. 3530. Attached to

Kolander, Templeton & Hamilton, Hal Miner, Amarillo, for appellants.

Lovell, Lyle, Cobb & Renfer, Michael R. Sanders, Dumas, Underwood, Wilson, Sutton, Berry, Stein & Johnson, Jerry D. Courtney, Amarillo, for appellees.

ROBINSON, Justice.

Appellant plaintiffs challenge the action of the trial court in reinstating, at a time when plaintiffs did not consent to the judgment, an agreed judgment of dismissal which had been set aside. Reversed and remanded.

The case before us on appeal is No. 3530 in the trial court. Plaintiffs are F. E. Sawyer, H. S. Hardin, John M. Bass, Oran J. Judd and J. H. McMurtry, suing as citizens, property owners, and taxpayers in Donley County Hospital District. Defendants are Donley County Hospital District and George W. Smith. The plaintiffs seek to enjoin Donley County Hospital District

and made a part of this motion is a copy of a settlement agreement dated March 5, 1973, executed by Donley County Hospital District and George W. Smith. The plaintiffs in Cause No. 3530 did not execute and were not parties to this settlement agreement. The motion recites that· copies of the judgments of March 7, 1973, in both Cause No. 3521 and No. 3530 are attached thereto, but the transcript before us does not show such judgments attached.

*Reply to Motion to Reinstate Judgment* filed April 20, 1973, in both causes by Steve Rogers and wife, Helen Rogers, movants in Cause No. 3521, and by plaintiffs Sawyer, et al., in Cause No. 3530 stating that plaintiffs "vigorously oppose the Motion by defendant SMITH to reinstate judgment" and setting forth reasons for such opposition.

*Order Reinstating Judgments* entered in both causes June 25, 1973, and reading in part as follows:

> "BE IT REMEMBERED that Judgments were entered in each of the above entitled and numbered causes on March 7, 1973, pursuant to a contractual Settlement Agreement of March 5, 1973."

> \*   \*   \*   \*   \*   \*

> "BE IT FURTHER REMEMBERED that no briefs were presented by any party involved at said hearing of April 6, 1973 and that this Court determined to suspend the operative effect of said Judgments until such time as the question of the legality of said Judgments should be determined. Pursuant to said determination, this Court entered its Orders setting aside said Judgments, meaning thereby to open and suspend the operative effects thereof until the question of the legality of said Judgments was fully developed, any interpretation of the meaning and effect of said Orders to the contrary notwithstanding.

> "BE IT FURTHER REMEMBERED that on April 13, 1973, hearing was had on the Motion of Dr. George W. Smith to reinstate said Judgments. . . ."

> \*   \*   \*   \*   \*   \*

> "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Judgments heretofore entered in Cause Nos. 3521 and 3530 on March 7, 1973, and suspended on April 6, 1973 be, and they are hereby, reinstated."

Plaintiffs contend that the trial court erred in reinstating the agreed judgment of dismissal at a time when plaintiffs did not consent to the entry of a judgment of dismissal with prejudice. Defendant, George W. Smith, contends that the trial court did not vacate or set aside the original judgment of dismissal but merely "suspended finality of the judgment until a hearing could be had on the validity of the settlement agreement of March 5."

Rule 329b, subdivision 5, Texas Rules of Civil Procedure, provides as follows:

> "Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law. The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judg-, ment for a period of more than thirty (30) days from the date of the rendition of judgment."

■ A motion for new trial not having been filed, the trial court retained jurisdiction of the cause for 30 days after the entry of the judgment of dismissal. During that time the trial court could set aside its judgment on its own motion or on that of either party. Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962). See Reavley and Orr, Trial Court's Power to Amend Its Judgments, 25 Baylor L.Rev. 191, 205–207 (1973). The order setting aside the judgment of dismissal was entered within this 30 day period before it became final and thus, at a time when the court had plenary power to set aside its judgment. Dubert v. Adkins, 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ); Kentz v. Kentz, 209 S.W. 200 (Tex.Civ.App.—Amarillo 1919, no writ).

■■ We find no authority and appellee cites none which would allow the trial court to suspend a judgment and hold it in abeyance so as to defeat the running of the 30 day time period provided for in Rule 329b. The rule in fact specifically provides that the filing of a motion for new trial within 30 days but more than ten days after rendition of judgment will not serve to extend the court's jurisdiction over the judgment. It follows that the court could not on its own motion extend its jurisdiction over the judgment beyond 30 days after entry by undertaking to consider a new trial or modification of the judgment.

■ In any event, in the case before it, the trial court by the order of April 6, 1973, in clear and unambiguous language set aside the March 7, 1973 judgment of dismissal. The judgment having been set aside, the cause stood as if there had been no judgment. Lucky v. Hopkins, 92 Tex. 426, 49 S.W. 360 (1899); Sampson v. Scott, 318 S.W.2d 22 (Tex.Civ.App.—Fort Worth 1958, writ ref'd n.r.e.). At the time of the order of reinstatement on June 25, 1973, the basis for an agreed judgment no longer existed since plaintiffs did not agree to the judgment of dismissal, their disagreement being evident by their opposition to the motion to reinstate.

■ The Supreme Court announced the rule controlling these facts in reversing and remanding the cause to the trial court in Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951), in the following language:

"A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting. It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court."

We conclude that the trial court erred in reinstating the agreed judgment of dismissal with prejudice at a time when plaintiffs did not consent to such a judgment. Farr v. McKinzie, 477 S.W.2d 672 (Tex.Civ. App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). We do not reach appellant plaintiffs' other points of error.

■ Defendant Smith cites DeLee v. Allied Finance Company of Dallas, 408 S. W.2d 245 (Tex.Civ.App.—Dallas 1966, no writ) and Dunman v. Hartwell, 9 Tex. 495 (1853) to support a contention that the trial court did not have authority to enter the April 6, 1973 order setting aside the original judgment of dismissal because the original dismissal was entered by agreement. They cite *Dunman* for the proposition that "consent takes away error, and that a judgment by agreement or compromise cannot be impeached, unless for fraud, collusion, or like causes." The rule quoted is well established and applies to appellate review of consent judgments rather than to the right of the trial court to modify or set aside its own judgments before they become final. The court in *DeLee* stated:

"The rationale of such rule is that a party will not be allowed to complain on

**110**

appeal of an action or ruling which he invited or induced. Having consented to the action of the court in entering judgment he thereby waives all errors committed or contained in the judgment, thus leaving nothing which could properly be considered by an appellate court, except want of jurisdiction."

The effect to be given the agreement between the parties was discussed in *Burnaman* in the following language:

"Since the judgment of the trial court is reversed, we cannot pass on the effect of the agreement made by the attorneys or the notation of that agreement on the docket. We can only say that the announcement of the agreement in open court and its notation on the docket cannot give it the force of a judgment. It follows that the reversal of the judgment should be without prejudice to the right of defendants to plead the agreement in bar of plaintiff's suit and without prejudice also to plaintiff's right to avoid the agreement by pleading that her attorney was without authority to make it. These are issues to be settled by the jury or the court in a trial of the case."

By cross point defendant Smith contends that there is a final unappealed judgment in Cause No. 3521 which bars plaintiffs' cause of action in No. 3530 by the doctrine of res judicata. Both plaintiffs Sawyer, et al., and defendant Donley County Hospital District contend that the judgment in Cause No. 3521 is void. The record in No. 3521 is not before us and we are, therefore, unable to determine defendant Smith's plea of res judicata in this court. Rule 406, T.R.C.P. See Guerra v. McClellan, 243 S.W.2d 715 (Tex.Civ.App. —San Antonio 1951, mand. overr.).

By reply points, appellee-defendant Donley County Hospital District asserts that the judgment in the cause before us, No. 3530, is not a final judgment and is therefore not appealable. Defendant Hospital District asks that the cause be remanded to the trial court for full development of the issues. Since our holding requires that the case be remanded, we will not discuss these reply points except to say that the reinstated judgment was regular on its face, dismissing the cause and disposing of all parties before the court in Cause No. 3530. Such a judgment is a final judgment and is subject to appellate review. Lawler v. Neathery, 509 S.W.2d 453 (Tex.Civ.App.—Amarillo 1974, no writ).

For the reasons herein set out, the cause is reversed and remanded.