William Edward POULTER, Appellant,

v.

Gail Margaret Airoldi POULTER, Appellee.

No. 1120.

Court of Civil Appeals of Texas, Tyler.

April 13, 1978.

Rehearing Denied May 4, 1978.

G. Leroy Street, Geary, Stahl, Koons, Rohde & Spencer, Dallas, for appellant.

Edmund Burke, Wallace P. Finfrock, Eldridge, Goggans & Weiss, Dallas, for appellee.

DUNAGAN, Chief Justice.

This is a divorce case accompanied by child custody and property division issues. Gail Margaret Airoldi Poulter, appellee, sued William Edward Poulter, appellant,

for divorce. Additionally, by virtue of her second amended original petition for divorce the wife, appellee, sought custody of the two children of the marriage of the parties, child support in the amount of $225 per child per month until each child attained the age of eighteen years, a division of the separate and community property of the parties, reasonable attorney's fees and injunctive relief. The husband answered that he should be awarded custody of the children of the parties and sought child support from the wife commensurate with her ability to pay such support.

Trial was to the court without a jury. Judgment was entered granting the wife a divorce, awarding custody of both children to the wife, awarding child support from the husband in the amount of $300 per month per child, dividing the property of the parties and granting the wife an equitable lien on properties awarded to the husband, awarding the wife's attorney's fees and granting the wife certain permanent injunctive relief against the husband. The husband has perfected this appeal.

The appellant's eighteenth point of error claims that the trial court erred in the manner in which judgment was rendered for the appellee. The trial court entered its original judgment on April 7, 1977. The appellant filed a motion for new trial complaining of this judgment on April 14, 1977. Subsequently, the trial court entered a corrected final judgment of divorce on May 6, 1977. On May 27, 1977, the trial court entered what it called an Order Concerning Hearing to Revise Corrected Final Judgment of Divorce, this order containing a statement that the corrected final judgment of divorce signed on May 6th is vacated without acting upon, granting or considering the motion for new trial filed by respondent (appellant). Finally, a revised final decree of divorce was entered by the trial court on June 9, 1977, from which this appeal was taken.

■ It is well settled that a judgment becomes final thirty days after the rendition of the judgment or order overruling an original or amended motion for new trial.

Tex.R.Civ.P. 329b, subd. 5; see also Reavley & Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L.Review, 191, 205–206 (1973). The motion for new trial filed by the appellant did not have the effect of extending the time period beyond this thirty-day period because this motion for new trial complained only of the original judgment and when this original judgment was superceded by the corrected final judgment of divorce, the motion for new trial was ineffective. *Home Fund, Inc. v. Denton Federal Savings & Loan Association*, 485 S.W.2d 845, 848 (Tex.Civ.App.—Fort Worth 1972, no writ).

■ Since the motion for new trial was ineffective as to the corrected final judgment of divorce entered on May 6, 1977, the trial court had thirty days subsequent to May 6th to modify, amend or vacate the judgment that was entered on May 6th. The judgment of May 6th was vacated by the order entered on May 27, 1977. After the order entered on May 27th, there was no valid judgment existing in this cause. This was a trial before the court and since no judgment existed in the cause after May 27th the court was free to make any findings of fact deemed to be proper and to embody these findings of fact in a new judgment. This new judgment was entered on June 9, 1977.

The appellant cites the case of *Sawyer v. Donley County Hospital District*, 513 S.W.2d 106 (Tex.Civ.App.—Amarillo 1974, no writ), for the proposition that the trial court's action of May 27th vacating the judgment entered on May 6th as being ineffective to extend the trial court's jurisdiction longer than thirty days after May 6th. The *Sawyer* case deals with the situation in which a court suspended a judgment and thereby sought to extend its jurisdiction over the matter for more than thirty days after the rendition of judgment. In our case, the judgment was not suspended but was vacated. We think there is a fundamental difference in suspending a judgment and thereby holding its effectiveness in abeyance than in vacating a judgment and holding it of no force and effect. We

think that the trial court's action concerning these judgments was proper and the appellant's eighteenth point of error is overruled.

The appellant asserts in his points of error nos. 1, 2, 3 and 4 that the trial court's judgment improperly divested him of title to separate real property. The real property involved here is an apartment house located in Dallas, Texas. The appellant contends that part of the consideration for this property at the time it was bought in 1969 was a separate property debt owed to the appellant by the prior owner of the property. The appellant contends that he agreed to swap a cancellation of the debt that was owed to him by the prior owner of this property for the equity that the owner had built up in the property.

It is now recognized in this state that the title to separate real property may not be divested from one spouse and awarded to the other spouse in a divorce decree. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977).

■ Property acquired by spouses during marriage is presumed to be community property, and the burden is on the party asserting otherwise to overcome such presumption by clear and satisfactory evidence. *Wilson v. Wilson*, 145 Tex. 607, 201 S.W.2d 226 (1947); *Gonzalez v. Guajardo de Gonzalez*, 541 S.W.2d 865 (Tex.Civ.App.—Waco 1976, n. w. h.). The appellant seeks to show that this is separate property by referring to an inventory sworn to and filed by the appellee in the papers of the cause. Without getting into what information this inventory contains, we feel that the inventory offers no legal support for the appellant's contention. The inventory was not introduced into evidence and cannot be considered as such. *Bokhoven v. Bokhoven*, 559 S.W.2d 142 (Tex.Civ.App.—Tyler 1977, n. w. h.); *Llast v. Emmett*, 526 S.W.2d 288, 290 (Tex.Civ.App.—Tyler 1975, n. w. h.). This inventory is more closely related to answers for written interrogatories under Rule 168 than an admission in pleadings, and any proof contained in these inventories should have been offered into evidence as would be the case when dealing with written interrogatories.

■ There is no evidence to establish the amount of consideration furnished by the appellant's separate estate to purchase the property in question. As set out in *Tarver v. Tarver*, 378 S.W.2d 381 (Tex.Civ.App.—Texarkana 1964, affirmed at 394 S.W.2d 780), at p. 387: "It is well settled law in this state that where there has been a commingling of separate funds or property with community funds or property, making it impossible to clearly trace and identify the separate contribution, the aggregate, or the assets acquired therewith, must be deemed community property. *Hodge v. Ellis*, 154 Tex. 341, 277 S.W.2d 900; *Rippy v. Rippy*, Tex.Civ.App., 49 S.W.2d 494, writ refused." We believe that the trial court's finding regarding this property has not been shown to have been an abuse of discretion and the appellant's points of error nos. 1, 2, 3 and 4 are all overruled.

The appellant in his fifth point of error complains of the trial court's granting the wife a money judgment of $68,268 and in placing an equitable lien on all property awarded to the appellant to secure this judgment. The trial court's action was based upon findings of fact that the community estate was entitled to be reimbursed for expenditures on separate property granted to the husband. The appellant asserts there are no pleadings to support the judgment in this respect.

■ We do not agree with the appellant's contention. The appellee's pleadings allege that she has a legal or equitable community interest in these properties. This contention, when taken in connection with the appellee's prayer to divide the community property of the parties and to grant her all other relief to which she should be deemed to be justly entitled, furnishes sufficient pleadings to support the judgment.

■ It was not necessary to expressly pray for reimbursement to the community in the pleadings. In a divorce action, the trial court has authority to construe the pleadings of the parties concerning a divi-

sion of the property more liberally than in other civil cases. *Bagby v. Bagby*, 186 S.W.2d 702, 704 (Tex.Civ.App.—Amarillo 1945, n. w. h.). We believe the pleadings when construed in this manner adequately support the judgment. The appellant's fifth point of error is overruled.

■ The appellant in his sixth and seventh points of error complains that the trial court had no evidence or insufficient evidence to order the community estate reimbursed for expenditures made on separate property and to order an equitable lien securing this reimbursement. We have examined the record and find no merit in either point of error. There is ample testimony that all but $10,000 of the community funds spent on the separate property in question was spent to reduce notes owed on purchase money. No enhancement in value need be shown when dealing with community funds spent on separate property to pay off notes evidencing purchase money. *Dakan v. Dakan*, 83 S.W.2d 620, 628 (Tex.1935); *Bazile v. Bazile*, 465 S.W.2d 181, 182 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ dism'd).

Regarding the remaining $10,000 the trial court ordered reimbursed to the community, there is ample testimony in the record to support the trial court's fact finding that the house on Gaston Avenue had been enhanced in value at least $10,000 due to the expenditure of community funds. Points of error six and seven are overruled.

■ The appellant's eighth point of error alleges that the trial court erred in not granting an offset in the amount of reimbursement ordered to the community estate since the appellant's separate estate allegedly made a $10,000 contribution to the community estate. No finding of fact was made by the trial court concerning this contribution made to the community and none was requested by the appellant. The failure to request a finding of fact concerning this issue waives any error that might be present. *Tidwell v. Lang*, 531 S.W.2d 384, 386 (Tex.Civ.App.—Waco 1975, n. w. h.); *Bokhoven v. Bokhoven*, supra.

■ The appellant complains that there were no pleadings to support the trial court's order of $300 per month per child as child support payments. The appellee in her pleadings asked that the amount of child support be set at $225 per month per child. We think the pleadings support the judgment. In matters concerning the support and custody of children the paramount concern of the court is the best interest of the children and the technical rules of pleading and practice are of little importance. *Liethold v. Plass*, 413 S.W.2d 698 (Tex.1967). See also *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). Appellant's twelfth and thirteenth points of error are overruled.

■ It appears from the record that the trial court's judgment contains no provision that the child support payments contained in the decree will terminate upon the youngest child reaching the age of eighteen years. It is well settled that child support may not be awarded to support a child after the child reaches the age of eighteen years in the absence of specific findings showing special circumstances justifying such support. Article 14.05, Texas Family Code; *Garza v. Fleming*, 323 S.W.2d 152 (Tex.Civ. App.—San Antonio 1959, writ ref'd n. r. e.); *Mial v. Mial*, 543 S.W.2d 736, 738 (Tex.Civ. App.—El Paso 1976, n. w. h.); *Neff v. Johnson*, 391 S.W.2d 760, 762 (Tex.Civ.App.—Houston 1965, n. w. h.). No such findings were made in the instant case. We are of the opinion that the trial court's judgment should be reformed to provide for the termination of the obligation to pay child support when the youngest child reaches the age of eighteen years. *Ingram v. Ingram*, 249 S.W.2d 86, 89 (Tex.Civ.App.—Galveston 1952, n. w. h.); *Carter v. Barclay*, 476 S.W.2d 909, 918 (Tex.Civ.App.—Amarillo 1972, n. w. h.); *King v. Tubb*, 551 S.W.2d 436, 445 (Tex.Civ.App.—Corpus Christi 1977, n. w. h.). To the extent that the appellant's points of error 14 and 15 seek such a reformation, they are sustained.

■ The appellant in his sixteenth and seventeenth points of error claims that the

trial court abused its discretion in setting the amount of child support at $300 per month per child. The setting of the amount of child support is a matter in the sound discretion of the trial court. *Dennis v. Dennis*, 512 S.W.2d 699, 701 (Tex.Civ. App.—Tyler 1974, n. w. h.); *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); *Madden v. Madden*, 365 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1963, n. w. h.). The fact that a trial judge may exercise his discretion or authority in a matter differently than an appellate judge would have done under similar circumstances does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959). After reviewing the entire record, we cannot agree that the trial court abused its discretion in setting the amount of child support payments. Appellant's points of error sixteen and seventeen are overruled.

Appellant's ninth, tenth and eleventh points of error are without merit. No abuse of discretion has been shown in naming the appellee managing conservator of the two minor children. *Crapps v. Crapps*, 546 S.W.2d 909 (Tex.Civ.App.—Austin 1977, n. w. h.).

The judgment is reformed to provide that appellant's obligation to pay child support is terminated when the youngest child reaches the age of eighteen (18) years and as reformed is affirmed.

Judgment reformed and affirmed.