Opinion issued February 2, 2006
 















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00984-CV




ROGER RUSSELL, Appellant

V.

TAMARA RUSSELL, Appellee




On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2003-36138




MEMORANDUM OPINION
          Roger Russell, appellant and defendant in the trial court, appeals the trial
court’s division of property in the final divorce decree. In his first issue, appellant
asserts that the trial court erred by failing to state the value of the marital estate in its
findings of fact and conclusions of law. In his second and third issues, appellant
asserts that the trial court erred in characterizing his separate property as community
property in making its just and right division of the property. We affirm in part,
reverse in part, and remand.
BACKGROUND
          At the hearing on final divorce, appellant’s sworn inventory of the marital
property was struck because it was not timely filed. Tamara Russell, appellee, timely
filed her sworn inventory with the trial court well before the hearing. That inventory
characterized as appellant’s separate property a savings account with Central Savings
Bank in Michigan containing $140,000 (“Michigan Bank Account”), a 1946 Ford
Coupe, a Wells Fargo account containing $32,000, an individual retirement account
(IRA) containing $3,789.00, and a life insurance policy valued at $50,000. 
          The inventory was not entered into evidence at trial, but the trial record
indicates that the parties and the court referred to matters contained in the inventory
during the trial. For instance, appellant testified that the Michigan Bank Account and
the automobile were in his father’s name, although he wrote checks out of the bank
account to pay bills. Appellee’s trial counsel asked appellant about the IRA that
appellee had characterized as appellant’s separate property. Counsel also asked
about the Ford Coupe and the certificates of deposit that were characterized as
appellant’s separate property on appellee’s inventory. He also questioned appellee
about her characterizations of this property and how she felt it should be divided. 
          The final divorce decree characterized the funds in the IRA held in appellant’s
name, the 1946 Ford Coupe appellant acquired prior to his marriage to appellee, and
the funds in the Michigan Bank Account as community property. At a hearing on a
motion for new trial, appellant introduced appellee’s inventory into evidence. After
hearing arguments from both sides the trial court stated: 
The Court finds that in the event that the sum of the property that would,
in fact, be under the law of the [sic] separate property of Respondent
was mischaracterized by the Court in the Court’s rendition, that the
ultimate division of the estate and indebtedness of these parties is just
and reasonable given the totality of the circumstances of this case and
the Motion for New Trial is denied.

DISCUSSION
          The Family Code provides, “In a decree of divorce or annulment, the court shall
order a division of the estate of the parties in a manner that the court deems just and
right, having due regard for the rights of each party and any children of the marriage.” 
Tex. Fam. Code Ann. § 7.001 (Vernon 1998). In making a just and right division of
the community estate, broad discretion is given to the trial court and this division will
not be reversed on appeal unless the complaining party shows that the trial court
clearly abused its discretion. Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981). The
test for whether the trial court abused its discretion is whether the court acted
arbitrarily or unreasonably. Alsenz v. Alsenz, 101 S.W.3d 648, 655 (Tex.
App.—Houston [1st Dist.] 2003, no pet.) (citation omitted). When a court
mischaracterizes separate property as community property, the error requires reversal
because the subsequent division divests a spouse of his or her separate property. 
McElwee v. McElwee, 911 S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 1995,
writ denied). 
1. Failure to State Value of Marital Estate. 
          Appellant contends in his first issue that the trial court failed to assign values
to appellant’s separate property—save for the IRA—when it entered its findings of
fact and conclusions of law as required by section 6.711 of the Texas Family Code. 
Section 6.711 reads in the relevant part:
(a) In a suit for dissolution of a marriage in which the court has rendered
a judgment dividing the estate of the parties, on request by a party, the
court shall state in writing its findings of fact and conclusions of law
concerning:
 
(1) the characterization of each party’s assets, liabilities, claims, and
offsets on which disputed evidence has been presented; and
(2) the value or amount of the community estate’s assets, liabilities,
claims, and offsets on which disputed evidence has been presented.
 
Tex. Fam. Code Ann. § 6.711 (Vernon 2005).
 
          From our review of the record, we conclude that neither the value of the
property nor its characterization was a contested issue on which disputed evidence was
presented—both appellee and appellant agreed that the correct characterization of the
property at issue here was the separate property classification arrived at on the sworn
inventory and testimony at trial. Appellant did not dispute appellee’s valuation of the
property. Since there was no disputed evidence regarding the valuation or
characterization of the property, the trial court was not required to provide such in its
findings of fact and conclusions of law. 
          We overrule appellant’s first issue.
2. Mischaracterizing Separate Property as Community Property
          In his second and third issues, appellant asserts that the trial court erroneously
characterized separate property as community property in making the division of the
marital property. 
          The party attacking the characterization of the property has the burden of proof
to show, by clear and convincing evidence, that the trial court mischaracterized the
property. Vannerson v. Vannerson, 857 S.W.2d 659, 669–70 (Tex. App.—Houston
[1st Dist.] 1993, writ denied). A spouse claiming certain property as separate rather
than community property must trace and clearly identify property claimed to be
separate. Zagorski v. Zagorski, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th
Dist.] 2003, pet. denied).
           Property possessed by either spouse on dissolution of marriage is presumed to
be community property. Tex. Fam. Code Ann. § 3.003 (Vernon 1998). To overcome
the presumption, a party must present clear and convincing evidence that the property
is separate property. Id. “Clear and convincing evidence” means the measure or
degree of proof that will produce in the mind of the trier of fact a firm belief or
conviction as to the truth of the allegations sought to be established. In re C.H., 89
S.W.3d 17, 25 (Tex. 2002). 
          As an initial matter, appellee argues that appellant cannot rely on her inventory
classifying the property at issue as separate to meet the clear and convincing
evidentiary standard. In support of this argument she relies on a line of cases for the
proposition that unless a party’s inventory is admitted into evidence, it cannot be
relied upon as evidence. Barnard v. Barnard, 133 S.W.3d 782, 789 (Tex. App.—Fort
Worth 2004, pet. den’d) (“While we agree that a trial court may take judicial notice
of the fact that a party’s inventory has been filed, we hold that unless a party’s
inventory is admitted into evidence at trial, it cannot be relied upon as evidence.”);
Poulter v. Poulter, 565 S.W.2d 107, 110–111 (Tex. Civ. App.—Tyler 1978, no writ)
(holding that appellate court would not consider inventory on appeal where it had not
been introduced into evidence); Bokhoven v. Bokhoven, 559 S.W.2d 142, 144 (Tex.
Civ. App.—Tyler 1977, no writ) (holding same as Poulter Court). 
          However, appellant argues that appellee judicially admitted that the property at
issue is appellant’s separate property. Judicial admissions estop the party who made
them from challenging their truth. Dutton v. Dutton, 18 S.W.3d 849, 853 (Tex.
App.—Eastland 2000). Four conditions must occur before a party’s admission is
conclusive against her: (1) the declaration relied upon must have been made in the
course of a judicial proceeding; (2) the declaration was contrary to an essential fact
embraced in the theory of recovery or defense asserted by the party; (3) the statement
was deliberate, clear, and unequivocal; and (4) giving conclusive effect to the
declaration would not run contrary to public policy. Mapco, Inc. v. Carter, 817
S.W.2d 686, 687 (Tex. 1991); Griffin v. Superior Ins. Co., 338 S.W.2d 415, 419 (Tex.
1960).
          In the case before us: (1) appellee clearly designated the property at issue as
appellant’s separate property; (2) the trial court had the inventory before it during trial
and referred to it during trial; (3) the inventory was deliberately made, clear and
unequivocal as to appellee’s characacterization; (4) appellee’s counsel relied on the
inventory in eliciting testimony from appellant and appellee; and (5) at no time did
appellee challenge the accuracy of the inventory. Moreover, appellee herself
explicitly admitted that the Ford Coupe was appellant’s separate property during her
testimony and implicitly gave her agreement to the her classification of the other
property at issue as appellant’s separate property when she testified as to how the trial
court should make its just and right division of the estate. See Roosevelt v. Rooselvelt,
699 S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism’d) (stating that a “judicial
admission establishes the issue in dispute as a matter of law in behalf of the adversary
of the one making such admission”). It would be “absurd and manifestly unjust to
allow a party to recover contrary to his clear and unequivocal sworn assertions.” Id. 
We hold that appellee is estopped from challenging her characterization of the
property in question as appellant’s separate property because her inventory satisfies
the requirements for a judicial admission.
          Although appellant did not offer appellee’s inventory into evidence during the
trial, appellant did present the trial court with the inventory at the hearing on the
motion for new trial and notified the trial court that it had mischaracterized his
separate property as community property. Such error requires reversal because the
subsequent division divests a spouse of his or her separate property. McElwee, 911
S.W.2d at 189. Accordingly, we hold that the trial court erred in denying appellant’s
motion for new trial and we sustain appellant’s second and third issues.
                                                      CONCLUSION
          We reverse the judgment and remand the cause for proceedings not inconsistent
with this opinion.
 
 
                                                             Sam Nuchia
 Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.