

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JANICE LEE BARTON, | § | |
| | | No. 08-15-00110-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 18th District Court |
| WILLIAM CHARLES BARTON, | § | |
| | | of Johnson County, Texas |
| Appellee. | § | |
| | | (TC# D2014-05358) |
| | § | |

## **O P I N I O N**

Janice Lee Barton appeals the trial court's division of property incident to divorce.[1]   We

affirm.

### FACTUAL SUMMARY

Janice Lee Barton ("Janice") and William Charles Barton ("Billy") were married in 2007,

and Billy filed for divorce in 2014.   Billy has been in the dairy business since 1983, and at the

time the parties married, Billy had land holdings in Johnson County referred to by the parties as

the Bursey property, the Barton Dairy/Homestead property, the Cleburne property, and the Horse

Training property.   Barton Dairy is a sole proprietorship located in Cleburne, Texas.   The dairy

---

[1] This case was transferred from the Waco Court of Appeals to this Court pursuant to a docket equalization order
issued by the Texas Supreme Court.   We will decide the case in accordance with precedent of the Waco Court of
Appeals.   *See* TEX.R.APP.P. 41.3.

sold unpasteurized milk from a building referred to as the "Milk Store." In June 2014, the trial court entered agreed temporary orders which provided that Janice would receive the proceeds from the milk store in lieu of spousal support. She received approximately $3,000 per month during the pendency of the divorce for a total of $27,000.

During the marriage, the parties acquired an interest in a pecan operation referred to by the parties as "the Pecan Plant." Jackie Hartnett testified that Billy and his son Matthew had owned a property known as the Pecan Plant which processes pecans. When Matthew no longer wanted to be involved with the Pecan Plant, Jackie became Billy's partner. Billy owned the equipment at the Pecan Plant prior to 2007, and in October 2013, after Billy and Janice married, Billy and Jackie purchased 3.1 acres of land and a building for operation of the Pecan Plant. They purchased the land and building for $52,500 after securing a bank loan in the sum of $35,000. At the time of trial, Billy and Jackie owed a balance of approximately $29,460. Jackie testified that he and Billy each owned one-half of "the land referred to as the pecan plant." The profits from the plant were converted to payments for equipment and upgrades, and Jackie estimated that over a seven-year period, he and Billy had split approximately $1,600 in funds from the pecan plant. Jackie valued the building and real estate at $80,000 to $85,000, and estimated the equity in the property to be $30,000. He stated that the pecan plant equipment was worth less because it was eight years older. When asked whether he had any reason to disagree with Billy's assertion that Billy's one-half interest was worth $52,000, Jackie indicated the sum was not correct because they had paid $52,500 for the property.

Janice agreed that Billy had purchased the Bursey property, Barton Dairy, the Cleburne property, and the horse training property prior to their marriage. Janice estimated that Barton

Dairy owned at least 125-150 dairy cattle and Billy had agreements to raise cattle owned by others on the property. The non-Barton cattle were intermingled with the Barton cattle, and the cattle were mortgaged at the time of trial, and money had been borrowed to purchase hay. Janice estimated the value of the Holstein cattle at more than $2,000 per head but stated she was unable to estimate the base equity in the cattle, nor the more than 60 goats which were at Billy's son's pasture. She valued eight horses at $8,000 collectively, but stated that she could not value the chickens.

At trial, the court asked Janice if she was requesting anything not included on her proposed property division. She initially responded that she wanted her "fair share" or half of the furniture and appliances, but the trial judge informed her that he could not include such an award in the decree because it would be unenforceable. Janice then confirmed that her list contained the items of community property that she wanted. Near the end of the hearing, Janice and the trial court had another exchange regarding the property she was asking to be awarded:

> [The trial court]: Okay. And, Mrs. Barton, on your list of proposed property division, from A which is Boer goats to O, which is the Yukon, are you requesting anything else, any other personal property?
>
> [Janice]: The furniture and the appliances.
>
> [The trial court]: What furniture and appliances?
>
> [Janice]: That are in the house.
>
> [The trial court]: All of it?
>
> [Janice]: At least half of it.
>
> [The trial court]: Okay. And here's where we get back to difficulty, I can't divide -- well, I can, I guess, it would be a disaster if I did -- to say, you get half the property -- half the furniture in the house and he gets half the furniture in the house. I don't -- I've never been in y'all's house. I don't have a clue what's in there.

- 3 -

And you've gave me a list.   I kind of assumed that was it.   Is there more?

[Janice]:   Of the furniture or you mean if anything else?

[The trial court]:   Yes.

[Janice]:   No.

[The trial court]:   Okay. So this list is it?

[Janice]:   Yes.

Consistent with Janice's testimony and the above exchange, the trial court divided the following items of property between Billy and Janice as reflected in Finding of Fact #11:

a. 10 Boer goats ($800)
b. chickens and boxes ($1,000)
c. two (2) three-year-old paint horses ($5,000)
d. child's horse ($0.00)
e. two (2) ponies ($3,000)
f. two dogs ($0.00)
g. twenty (20) rolls of hay ($1,000)
h. child's horse tack ($0.00)
i. Zero turn mower ($1,500)
j. gold cart (seats 6) ($2,200)
k. miscellaneous furniture ($4,000)
l. playground equipment ($1,000)
m. five (5) calf hutches ($2,000)
n. five (5) picnic tables ($750)
o. 2013 Yukon vehicle with note ($0.00)
p. one-half ownership in the three (3) acre Pecan Plant ($25,000)
q. 2004 Yukon vehicle ($5,000)
r. silver and foreign currency (face value)
s. cash in safe ($15,000)

During her trial testimony, Janice specifically requested that she be awarded most of the listed items, including the 2013 Yukon.[2]   The trial court awarded to Janice Items a through n, q,

---

[2]   Janice referred to and read from her proposed property division during her testimony.   The document is not included in the record.

r, and s, and awarded to Billy Items o and p.  The community property awarded to Janice (Items a-n and q) has a combined net value of $27,250, and the silver and cash in the safe (Items r and s) totaled $15,000 for a total value of $42,250.[3]

Janice made three reimbursement claims at trial.  She sought to recover: (1) one-half the value of ad valorem taxes paid by the community estate for Billy's separate property during the course of the marriage; (2) the value of the unsecured and secured loans paid by community funds during the marriage to acquire equipment, livestock, feed, and to build improvements for the Dairy during the marriage; and (3) 100 percent of the value of her separate property 401k funds utilized to improve the Dairy.  The trial court ruled in favor of Janice only on the third reimbursement claim and awarded her $24,765 for her separate 401k funds that benefitted Billy's separate property.  Thus, the court granted her judgment against Billy in the amount of $33,024.75 to equalize the division of the community estate and to resolve her claims for reimbursement.  Thus, the total value of her division of community property and the reimbursement claim is $75,274.75.

The trial court awarded Billy the following community property:  the 50 percent interest in the 3.1 acre tract of land and machinery known as the Pecan Plant, valued at $25,000 (Item p in the list of property contained in Finding of Fact #11); seventy-six head of cattle with a net value of $44,600; four Angus cattle with a total value of $6,000; eight horses with a total value of $8,000; and the 2013 Yukon vehicle (Item o in the list of property contained in Finding of Fact #11).  The total value of these items of community property awarded to Billy is $83,600.  Additionally, the trial court found that Billy's separate property benefitted from the expenditure of Janice's 401k

---

[3] Conclusion of Law #12 contains a typographical error because it states the total value of the property as $42,350 rather than $42,250.  The evidence shows that the property has a total value of $42,250 as found by the trial court in Finding of Fact #11.

funds for improvements to his separate property in the total amount of $24,765. Thus, the total value of the community property awarded to Billy combined with the benefit to his separate property is $108,365. When the judgment of $33,024.75 awarded to Janice is deducted, Billy's total community property award is $75,340.25. The trial court also confirmed that the following four tracts of land are Billy's separate real property: the Bursey Property, the Dairy/Homestead tract, a fractional interest in the Cleburne property, and the Horse Training property.

In response to Janice's request, the trial court issued written findings of fact and conclusions of law. Janice did not request that the court issue additional findings of fact.

## ATTACHMENT TO JANICE'S BRIEF

Before addressing the merits of the issues presented on appeal, we must resolve a dispute regarding a document included in the appendix of Janice's brief. In support of her contentions, Janice attached to her brief Billy's "Answers to Interrogatories" but the document was not admitted into evidence at trial. Appellee urges that we not consider the document when addressing the issues.

It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court. *See Robb v. Horizon Communities Improvement Association, Inc.*, 417 S.W.3d 585, 589 (Tex.App.--El Paso 2013, no pet.)((holding that documents attached to a brief as an exhibit or an appendix, but not appearing in the record, cannot be considered on appellate review); *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex.App.--El Paso 2012, no pet.)(same); *WorldPeace v. Commission for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex.App.--Houston [14th Dist.] 2005, pet. denied)("we cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed").

- 6 -

The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. TEX.R.APP.P. 34.1. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex.App.--El Paso 2007, pet. dism'd w.o.j.); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex.App.--Houston [14th Dist.] 2002, no pet.). Accordingly, we will not consider Billy's answer to interrogatories attached to Janice's brief.

### THE ISSUES ON APPEAL

Janice presents three related and overlapping issues challenging various aspects of the trial court's division of property. In Issues One and Two, she argues that the evidence is insufficient to support the trial court's findings of fact and conclusions of law related to her reimbursement claims and the characterization of certain property. In Issue Three, she contends that the division of property is manifestly unjust.

*Sufficiency Standards of Review*

When an appellant challenges the trial court's order on legal or factual sufficiency grounds, we do not treat these as independent grounds of reversible error but, instead, consider them as factors relevant to our assessment of whether the trial court abused its discretion. *Wells v. Wells,* 251 S.W.3d 834, 838 (Tex.App.--Eastland 2008, no pet.); *Boyd v. Boyd,* 131 S.W.3d 605, 611 (Tex.App.--Fort Worth 2004, no pet.). The standard of review of a sufficiency issue is heightened when the burden of proof at trial is clear and convincing evidence, as when the presumptive community character of the marital property is challenged. TEX.FAM.CODE ANN. § 3.003(a), (b)(West 2006); *In re J.F.C.,* 96 S.W.3d 256, 266-67 (Tex. 2002); *In re C.H.,* 89 S.W.3d 17, 26 (Tex. 2002); *In the Matter of Marriage of Ramsey & Echols*, 487 S.W.3d 762, 765

(Tex.App.--Waco 2016, pet. denied); *see also Tate v. Tate*, 55 S.W.3d 1, 4 (Tex.App.--El Paso 2000, no pet.). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX.FAM.CODE ANN. § 101.007 (West 2014). While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *Boyd*, 131 S.W.3d at 611.

To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient, we consider whether the court: (1) had sufficient evidence upon which to exercise its discretion; and (2) erred in the application of that discretion. *Wells,* 251 S.W.3d at 838, *citing Lindsey v. Lindsey,* 965 S.W.2d 589, 592 (Tex.App.--El Paso 1998, no pet.)(while a traditional sufficiency review is utilized in answering first question, reviewing court must then determine, based on elicited evidence, whether trial court's decision was neither arbitrary nor unreasonable). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Wells,* 251 S.W.3d at 838.

While the factual findings of the trial court are binding upon an appellate court if supported by sufficient evidence, its conclusions of law are not binding on a reviewing court. *Dechon v. Dechon*, 909 S.W.2d 950, 955 (Tex.App.--El Paso 1995, no writ). We review *de novo* a trial court's conclusions of law. *Smith v. Burt*, 528 S.W.3d 144, 148 (Tex.App.--El Paso 2017, no pet.).

## REIMBURSEMENT CLAIMS

We begin by addressing Janice's arguments related to the reimbursement claims. Janice

sought reimbursement of: (1) one-half the value of ad valorem taxes allegedly paid by the community estate for Billy's separate real property during the course of the marriage; (2) the value of the unsecured and secured loans allegedly paid by community funds during the marriage to acquire equipment, livestock, feed, and to build improvements for the Dairy during the marriage; and (3) 100 percent of the value of her separate property 401k utilized to improve the Dairy.

A trial court must resolve a claim for reimbursement by using equitable principles, including the principle that claims for reimbursement may be offset against each other if the court determines it to be appropriate. TEX.FAM.CODE ANN. § 3.402 (West Supp. 2017); *see Penick v. Penick,* 783 S.W.2d 194, 197 (Tex. 1988). A party claiming the right of reimbursement has the burden of pleading and proving that the expenditures were made and that they are reimbursable. *Vallone v. Vallone*, 644 S.W.2d 455, 458-59 (Tex. 1982). A trial court has broad discretion when evaluating a claim for reimbursement. *Penick*, 783 S.W.2d at 198. We will not disturb the trial court's exercise of its discretion unless a clear abuse has been shown. *See Richardson v. Richardson*, 424 S.W.3d 691, 700 (Tex.App.--El Paso 2014, no pet.).

The trial court made the following findings of fact related to Janice's reimbursement claims:

13. After awarding Janice Lee Barton Items a-n, q, r and s, the separate estate of Janice Lee Barton is owed $33,024.75 to equalize the division of the community estate and to resolve Janice Lee Barton's claims for reimbursement against the separate estate of William Charles Barton.

14. Janice Lee Barton's claims for reimbursement derive from Janice Lee Barton's expending her separate funds to benefit the separate property of William Charles Barton. The expenditures are [for] William Charles Barton's borrowing and repayment of loans by further borrowing from the Grandview Bank, Johnson County, Texas for the purchase of hay to feed dairy cattle that began in 1984 and continued through the marriage.

15. William Charles Barton is a dairyman and provided income for the parties through the sales of products from the dairy cattle. One product, unpasteurized milk, was sold onsite from a room in a building referred to as the "Milk Store."

16. Janice Lee Barton received all of the income from the "Milk Store" and did not expend any of these funds to repay the hay loan debt. During the pendency of this suit, Janice Lee Barton received approximately $3,000.00 per month as income from the "Milk Store," for a total of approximately $27,000.00.

Additionally, Conclusion of Law #11 is related to the reimbursement claim:

11. William Charles Barton must reimburse Janice Lee Barton $24,765.00 for Janice Lee Barton's separate 401-K funds that benefitted William Charles Barton's separate property. The separate estate of Janice Lee Barton is owed $33,024.75 to equalize the division of the community estate and to resolve Janice Lee Barton's claims for reimbursement against the separate estate of William Charles Barton. William Charles Barton was, therefore awarded community property and benefitted from the improvements to his separate property in an amount that totals $108,365.00, less the judgment to Janice Lee Barton of $33,024.75, for a total community property award of $75,340.25.

Janice first argues that the trial court did not award her the amount she sought as reimbursement of her 401k funds expended to benefit Billy's separate property, but in Conclusion of Law #11, the trial court explained that Billy was required to reimburse Janice the sum of $24,765 for Janice's separate 401k funds that benefitted Billy's separate property. At trial, Janice sought reimbursement in the amount of $24,265.75. Thus, the trial court awarded Janice more than the amount she sought. The evidence is both legally and factually sufficient to support the trial court's findings and conclusions made in support of this reimbursement claim. Further, Janice has failed to demonstrate that the trial court abused its discretion.

Janice also challenges Finding of Fact #16 and argues that there is no evidence that she received this money "for the term of the marriage or failed to participate in the marital finances." The trial court did not find that Janice received the proceeds from the Milk Store for the *term of the marriage*. It found that she received the proceeds during the *pendency of the divorce* pursuant

- 10 -

to the agreed temporary orders. We conclude that the evidence is legally sufficient to support Finding of Fact #16.

Janice additionally complains that the trial court's findings of fact do not address her other two claims for reimbursement, but she did not request that the court make additional findings on these reimbursement claims. A trial court must issue written findings of fact if a party requests them. TEX.R.CIV.P. 296. In a suit for dissolution of marriage, the trial court's findings of fact and conclusions of law shall include, in addition to any other findings or conclusions required or authorized by law, the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented. TEX.FAM.CODE ANN. § 6.711(a)(West Supp. 2017). A request for findings of fact and conclusions of law made under Section 6.711 must conform to the Rules of Civil Procedure. TEX.FAM.CODE ANN. § 6.711(b)(West Supp. 2017). The findings of fact and conclusions of law required by Section 6.711 are in addition to any other findings or conclusions required or authorized by law. TEX.FAM.CODE ANN. § 6.711(c)(West Supp. 2017).

After a trial court files original findings of fact and conclusions of law, any party may timely request that the trial court make specified additional or amended findings or conclusions. TEX.R.CIV.P. 298. When a party fails to timely request additional findings of fact and conclusions of law, it is deemed to have waived the right to complain on appeal of the court's failure to enter additional findings. *Briargrove Park Property Owners, Inc. v. Riner,* 867 S.W.2d 58, 62 (Tex.App.--Texarkana 1993, writ denied); *Cities Services Co. v. Ellison*, 698 S.W.2d 387, 390 (Tex.App.--Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Texas Rule of Civil Procedure 299, which governs omitted findings of fact provides:

When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The

- 11 -

> judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal. TEX.R.CIV.P. 299.

Where the original findings omit a finding of a specific ground of recovery which is crucial to the appeal, a party's failure to request an additional finding will constitute waiver. *Poulter v. Poulter,* 565 S.W.2d 107, 111 (Tex.Civ.App.--Tyler 1978, no writ)(the failure to request a specific finding on reimbursement waived any reimbursement complaints on appeal); *see also Stanley Works v. Wichita Falls Independent School District,* 366 S.W.3d 816, 824 (Tex.App.--El Paso 2012, pet. denied).

The trial court did not make any express findings on Janice's claims for reimbursement of the community for the payment of ad valorem taxes on Billy's separate real property and for payments on loans to acquire equipment, livestock, feed, and to build improvements for the Dairy. Janice did not request additional findings from the court. Consequently, Janice has waived her complaints related to these reimbursement claims. *See Poulter,* 565 S.W.2d at 111.

## CHARACTERIZATION OF PROPERTY

Janice additionally challenges the trial court's findings and conclusions related to the characterization of certain property. All property on hand at the dissolution of marriage is presumed to be community property. TEX.FAM.CODE ANN. § 3.003(a)(West 2006); *Tate v. Tate*, 55 S.W.3d 1, 4 (Tex.App.--El Paso 2000, no pet.). It is a rebuttable presumption, requiring a spouse claiming assets as separate property to establish their separate character by clear and convincing evidence. TEX.FAM.CODE ANN. § 3.003(b)(West 2006); *Tate,* 55 S.W.3d at 4. Property owned before marriage, or acquired during marriage by gift, devise or descent, is separate

- 12 -

property.  TEX.FAM.CODE ANN. § 3.001 (West 2006); *Tate*, 55 S.W.3d at 4.  Community property consists of all property, other than separate property, acquired by either spouse during marriage.  TEX.FAM.CODE ANN. § 3.002 (West 2006); *Tate*, 55 S.W.3d at 4.  In a legal sufficiency review of a finding that property is separate in character, we review all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true.  *See In re J.F.C.,* 96 S.W.3d at 266; *Matter of Marriage of Ramsey & Echols*, 487 S.W.3d at 765.

In Finding of Fact #11, the trial court sets out nineteen items or categories of property (identified as Items "a" through "s") acquired by Billy and Janice during the marriage other than by gift or inheritance.  Janice argues that this finding does not list all of the personal community property, and it fails to include other "personal property, livestock, business holdings, and equipment…."  Additionally, Janice challenges the sufficiency of the evidence supporting Conclusions of Law #9 and #10 which awarded to Billy community property which is not included in Finding of Fact #11.

Janice does not dispute that the evidence supports the trial court's determination that the items of property listed in Finding of Fact #11 are in fact community property.  The focus of her complaint is that Finding of Fact #11 is incomplete because it does not list other items of community property awarded to Billy.  Additionally, she contends that there are items of equipment, including two tractors and milking equipment, which were not specifically awarded to either party.  Thus, she asserts that the evidence is legally insufficient to support Finding of Fact #11.

As noted by Billy, Finding of Fact #11 does not purport to be an exhaustive list of all

- 13 -

personal community property. It is instead a list of the items Janice expressly requested that the court award to her. The trial court awarded to Janice all but two of the items she specifically identified during her testimony. It is clear from a reading of the record and the findings of fact and conclusions of law that the trial court was presented with evidence regarding community property, including but not limited to the property listed in Finding of Fact #11, and the court awarded the items it found to be community property.

Janice could have requested that the trial court make an additional finding setting forth all items of community property, but she failed to do so. Consequently, she has waived her complaint regarding the incompleteness of the finding. *See Van Dyke v. Van Dyke*, 624 S.W.2d 800, 802 (Tex.App.--Houston [14th Dist.] 1981, no writ)(appellant waived complaint regarding trial court's failure to make certain findings by not requesting additional or amended findings).

## DIVISION OF COMMUNITY ESTATE

In her final issue, Janice contends that the property division is unsupported by the evidence and resulted in a manifestly unjust and unfair division requiring reversal.

### *Standard of Review*

We review a court's division of property in a divorce case under an abuse-of-discretion standard. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex. 1981); *Matter of Marriage of Ramsey & Echols*, 487 S.W.3d at 766; *Wells*, 251 S.W.3d at 838; *Smith v. Smith*, 143 S.W.3d 206, 212 (Tex.App.--Waco 2004, no pet.). A trial court is presumed to have properly exercised its discretion in dividing the assets of a marriage. *Murff,* 615 S.W.2d at 699. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

- 14 -

A divorce court must divide the parties' community property in a manner that the court deems just and right, having due regard for the rights of each party. TEX.FAM.CODE ANN. § 7.001 (West 2006); *Matter of Marriage of Ramsey & Echols*, 487 S.W.3d at 766. When exercising its broad discretion to equitably divide the marital property, the trial court may consider many factors, including the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *See Murff,* 615 S.W.2d at 699; *Matter of Marriage of Ramsey & Echols*, 487 S.W.3d at 766.

The trial court's property division need not be equal, but the division must be equitable. *Murff,* 615 S.W.2d at 698–99; *Matter of Marriage of Ramsey & Echols*, 487 S.W.3d at 766; *see also Kimsey v. Kimsey*, 965 S.W.2d 690, 704 (Tex.App.--El Paso 1998, pet. denied). "Mathematical precision in dividing property in a divorce is usually not possible." *Murff*, 615 S.W.2d at 700. The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Matter of Marriage of Ramsey & Echols*, 487 S.W.3d at 766. A trial court is presumed to have properly exercised its discretion in dividing the assets of a marriage. *Murff,* 615 S.W.2d at 699.

In Finding of Fact #17, the trial court explained that in making a just and right division, it took into account that Billy had provided a private residence on his separate property for Janice's adult son, and a private residence for Janice's adult daughter and children at no cost to any of them.

Janice's first issue purports to challenge the sufficiency of the evidence supporting Finding of Fact #17, but the body of her brief does not include any argument related to this sufficiency challenge. *See* TEX.R.APP.P. 38.1(i). Janice testified at trial that her son, her daughter and her daughter's children, and her mother lived on Billy's property in separate residences. The evidence is both legally and factually sufficient to support Finding of Fact #17.

The trial court awarded to Janice nearly all of the items set forth in Finding of Fact #11, and this property had a total value of $42,250. The court also ruled in her favor on one reimbursement claim and granted her judgment against Billy in the amount of $33,024.75 to both equalize the division of the community estate and to reimburse her for the expenditure of her 401k funds. Thus, the total value of her division of community property and the reimbursement claim is $75,274.75.

The trial court determined that the community property awarded to Billy and the benefit to his separate property had a total value of $108,365, but when the amount of the judgment in favor of Janice is deducted, Billy's total community property award is $75,340.25. Thus, the trial court made an equal division between the parties. Janice argues in her brief that the division of property is grossly disproportionate because the trial court failed to grant two of her reimbursement claims and it mischaracterized certain items of property. We have rejected these arguments. Janice has not carried her burden of showing that this equal division of the marital property is manifestly unjust and unfair. For all of these reasons, we overrule Issues One through Three, and affirm the judgment of the trial court.

ANN CRAWFORD McCLURE, Chief Justice

September 28, 2018

- 16 -

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating