### In the MATTER OF the MARRIAGE OF Randal Reynolds RAMSEY AND Sheryl Leigh Williams ECHOLS,

#### No. 10–14–00252–CV

Court of Appeals of Texas, Waco.

Opinion delivered and filed March 24, 2016

Rehearing Overruled May 4, 2016

Anne M. Cofer, Cofer & Cofer Inc., Bryan, for Sheryl Leigh Williams Echols.

Georganna L. Simpson, Simpson & Martin L.L.P., Dallas, Elizabeth Hearn, Plano, for Randal Reynolds Ramsey.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

## OPINION

AL SCOGGINS, Justice

Randal Reynolds Ramsey appeals from the trial court's final decree of divorce dissolving his marriage to Sheryl Leigh Wilhelm Echols. We affirm.

### Background Facts

Randal Ramsey and Sheryl Echols were married on November 8, 2004. There were no children born of the marriage. On May 12, 2010, Randal filed a petition for divorce. The trial court conducted a bench trial on April 10, 2014, and signed the final decree of divorce on May 28, 2014.

### Motion for Continuance

■ In his first issue, Randal complains that the trial court erred in denying his motion for continuance. The decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986); *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 701 (Tex.App.–Waco 2008, pet. den'd). Unless the record discloses a clear abuse of that discretion, the trial court's action in granting or refusing a motion for continuance will not be disturbed. *Villegas*, 711 S.W.2d at 626.

Randal filed his petition for divorce on May 12, 2010. The cause was set for trial on September 19 and 20, 2011, but was reset due to a scheduling conflict with the associate judge. The cause was then set for November 7 and 8, 2011, but was continued by an agreed order on a motion for continuance. The cause was then reset for November 5 and 6, 2012, but Randal requested and was granted a continuance. On December 31, 2012, Randal hired his fourth attorney.

On February 25, 2013, the cause was referred back to the County Court at Law to hear Sheryl's Amended Motion to Enforce Pre–Trial Orders. On May 10, 2013, Randal was found in contempt of court and ordered to the Brazos County Jail, and he was released on June 11, 2013. On De-

cember 3, 2013, the parties entered into an agreed scheduling order with a trial to be set on April 22, 2014 or May 16, 2014. On December 23, 2013, the trial court sent both parties a notice for a final bench trial on April 22, 2014.

On January 27, 2014, the trial court sent an amended notice to the parties for a final bench trial on April 10, 2014. Randal's fourth attorney was allowed to withdraw on February 14, 2014. In the motion to withdraw, the attorney stated that Randal was not making payments for attorney fees in accordance with his contract. On April 3, 2014, Randal filed a pro se motion for continuance. On April 4, 2014, Randal retained Margaret Meece, who agreed to represent him with the pending trial date. Meece filed a motion for continuance on April 7, 2014, and the trial court denied the motions for continuance on that day.

■ Randal argues that the trial court erred in denying his motion for continuance by allowing his counsel to withdraw shortly before trial and after resetting the trial to an earlier date than that provided for in the agreed scheduling order. The Texas Rules of Civil Procedure provide that:

> Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.

TEX. R. CIV. PRO. 253. The record shows that the trial court notified the parties of the April 10, 2014 final bench trial on January 27, 2014. Randal's counsel was allowed to withdraw on February 14, 2014. Randal had four attorneys withdraw during the course of litigation up until the time of trial, and the cause had been pending for almost four years at the time of trial. Randal's trial attorney agreed to represent Randal on April 4 knowing the cause was set for trial on April 10. After reviewing the record, we do not find that the trial court abused its discretion in denying the motions for continuance. We overrule the first issue.

### Separate Property

In his second issue, Randal argues that the trial court erred in its characterization of property. All property on hand at the time of divorce is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). This is a rebuttable presumption, and a spouse who claims any asset as separate property must rebut this presumption by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003(b) (West 2006).

■ Because Randal does not specify which type of challenge he is making, we will construe his complaint as a legal sufficiency challenge. The standard of review of a sufficiency issue is heightened when the burden of proof at trial is clear and convincing evidence. *In re J.F.C.,* 96 S.W.3d 256, 266–67 (Tex.2002); *In re C.H.,* 89 S.W.3d 17, 26 (Tex.2002).[1] In a legal sufficiency review of a finding that property is separate in character, we review all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that the finding was true. *See In re J.F.C.,* 96 S.W.3d at 266; *Watson v. Watson,* 286 S.W.3d 519, 523 (Tex.App.–Fort Worth 2009, no pet.).

---

1. To the extent the standard of review set out in *In re Marriage of Jordan,* 264 S.W.3d 850, 854 (Tex.App.–Waco 2008, no pet.) conflicts with the standard of review set out in this opinion, we overrule it.

Randal first argues that the trial court erred in characterizing Ransh Brand Décor as Sheryl's separate property. Randal contends that the business was a partnership and the trial court divested him of his separate property interest in Ransh Brand Décor. The Ransh Brand Décor business was started before the marriage of Randal and Sheryl. Prior to the marriage, Sheryl filed an assumed name certificate for Ransh Brand Décor as the sole owner. Randal testified at trial that he helped Sheryl with the business; however, the record shows that the business was listed as a sole proprietorship in the parties' joint tax returns with Sheryl as the owner. Randal did not receive any compensation from the business, and he never listed the business as a partnership in his proposed property division. We do not find that the trial court erred in its characterization of Ransh Brand Décor as Sheryl's separate property.

Randal next complains that the trial court erred in its characterization of Ram Fence Company as community property. Randal testified that he filed an assumed name certificate for Ram Fence prior to the marriage in 1984 and renewed the certificate every ten years. The record shows that Randal filed an assumed name certificate for Ram Fence on November 30, 2004, after the marriage, but that certificate does not indicate that it is a renewal. The trial court awarded Ram Fence to Randal as part of the division of the community estate. Randal argues that the trial court's characterization resulted in an unjust division of the marital estate.

A divorce court must divide the parties' community property in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (West 2006). We review this determination under an abuse-of-discretion standard. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981).

When exercising its broad discretion to divide the marital property, the trial court may consider many factors, including the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *See Murff v. Murff,* 615 S.W.2d at 699; *Slicker v. Slicker,* 464 S.W.3d 850, 858 (Tex.App.–Dallas 2015, no pet.). The property division need not be equal. *Murff,* 615 S.W.2d at 698–99. The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Slicker v. Slicker,* 464 S.W.3d at 858.

Assuming without deciding that the trial court mischaracterized Ram Fence as community property, mere mischaracterization of separate property as community property, in the estate of the parties alone, does not require reversal. *In re Marriage of Morris,* 12 S.W.3d 877, 884 (Tex.App.–Texarkana 2000, no pet.). It is appellant's burden to prove that any disparity in the division was caused by the mischaracterization of property and that it was of such substantial proportions that it constituted an abuse of the trial court's discretion. *Id.*

The trial court noted in its findings of fact and conclusions of law that the division of the property is a just and right division and that that trial court took into consideration "fault in the breakup of the

marriage, the spouses' capacities and abilities, respective earning power, business and employment opportunities, nature of the property, length of the marriage, size of separate estate, reimbursement, attorney's fees to be paid, debts of the parties, and disparity in earnings." The trial court awarded Ram Fence to Randal in its division of the estate. Randal states that the trial court awarded him assets valued at $295,087.31. Randal further states Ram Fence Company amounted to thirty-six percent of his share of the assets.

In its findings of fact and conclusions of law, the trial court states that it relied on Sheryl's exhibits for the values of the community property. Based upon those values, Randal received a greater percentage of the community estate than Sheryl. Randal has not shown that any mischaracterization of the company caused a disparity in the property division of such substantial proportions that it constituted an abuse of discretion. We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.

(Chief Justice Gray concurring)

TOM GRAY, Chief Justice, concurring.

In this proceeding, the appellant, Randal, had a number of attorneys. The divorce proceedings dragged out almost four years. An agreement regarding a trial date was included in a scheduling order. But the trial court then moved up the date scheduled for trial and also allowed Randal's lawyer to withdraw. The record would support a characterization that Randal was a difficult client. It would also support a characterization that this was a complicated case in which Randal needed counsel that had more than six days to prepare.

I have no problem with a difficult client suffering the consequences of his actions. But a difficult client's legal position should not be made impossible by allowing, over the client's objection, the late withdrawal of an attorney (after a trial has been scheduled by agreement and then moved up) and not also establishing a new schedule that will allow the client to obtain and give new counsel time to prepare and present a complicated case.

Whether it was in the agreed scheduling order, or in the hearing on the motion for withdrawal, or in the order granting the withdrawal, it should have been made clear that further delay for any reason would not be tolerated by the court. There has to be an ending. But, when the time for an ending is determined, it should be clearly communicated to the parties.

This proceeding had been pending four years. Where was the harm in a one month continuance? There were no children. This was all about the division of property. The harm in having to proceed with only six days of preparation in a case that took four years to develop is almost inescapable.

But with only six days to prepare, notwithstanding other demands on her time, new counsel for Randal prepared and presented a complex case and obtained a result that would be difficult to have obtained even with additional time to prepare for trial. The overall result of the characterization and division of property does not appear to have been adversely impacted by the limited time to prepare for trial. If there had been more time to prepare, possibly a better showing of the separate character of Ram Fence Company could have been made. However, as the Court notes, the characterization of the company as community property rather than as separate property does not render the division of the community estate an abuse of dis-

cretion; and the client obtained what was arguably separate property in the division. Thus, because trial counsel was able to overcome the trial court's error in failing to grant a continuance, the error is harmless. Accordingly, I join the Court's judgment.