# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00138-CV

**Shawn Hall Lecuona, Appellant**

**v.**

**Mark R. Lecuona, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-14-002342, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Shawn Hall Lecuona appeals from a final divorce decree that ended her marriage to Mark R. Lecuona.  We will affirm the decree.

Mark was the petitioner below,[1] and the sole ground for divorce on which he relied, and which the district court subsequently found, was the no-fault "insupportability" ground.[2]  Shawn opposed the divorce on religious grounds and urged that Mark's suit, and particularly the no-fault "insupportability" standard on which he relied, unconstitutionally infringed her protected interests

---

[1] We refer to the parties by their first names because they share a surname.

[2] *See* Tex. Fam. Code § 6.001 ("On the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation.").  The parties had been married since 1994, but Mark alleged, without dispute, that the couple had been separated for approximately six years before he filed his petition in 2014 and had remained so during the proceedings below.

in what she viewed as an immutable "blood covenant" among the couple and the Almighty.[3]  Shawn

brings a version of this argument forward on appeal as her first issue and chief ground for

reversal—she insists that the United States Supreme Court's decision *Obergefell v. Hodges*,[4] the

decision striking down state prohibitions against same-sex marriage as violative of a "right to marry

[that] is a fundamental right inherent in the liberty of the person" and protected by the Due Process

and Equal Protection Clauses of the federal constitution,[5] translates into a constitutional restriction

against Mark's unilateral invocation of Texas's no-fault divorce law to end a marriage that she, for

professed religious reasons, desires to continue.[6]  We cannot agree that *Obergefell*, whose analysis

is rooted in the Supreme Court's view of personal liberty,[7] either directly or by implication

recognizes what would effectively be an affirmative constitutional right of one spouse to compel an

unwilling other spouse to remain married, in derogation of both the other spouse's liberty and state

---

[3]  Shawn presented her most elaborate articulation of this theory through a counterclaim for declaratory relief.  The district court denied that relief by a pretrial written order.  Later at trial, Shawn raised religion-based objections or arguments that appeared to allude to the earlier claims.

Shawn's notice of appeal expressly challenges both the final decree and the order denying her declaratory relief, which became final and appealable when the divorce decree was signed.  *See, e.g.*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." (citations omitted)).  For this reason, we deny what is substantively a motion by Mark to dismiss this portion of Shawn's appeal based on her asserted failure to timely appeal the ruling.

[4]  135 S. Ct. 2584 (2015).

[5]  *Id*. at 2604.

[6]  Mark disputes whether Shawn preserved the arguments she now raises on appeal, but the issue is sufficiently close that we will afford her the benefit of any such doubts.

[7]  *See id*. at 2597–605.

divorce laws.[8]  In the very least, Shawn's theory represents a significant and novel expansion of *Obergefell* that is not properly undertaken by this intermediate state appellate court.[9]  We accordingly overrule Shawn's first issue.

Aside from her arguments derived from *Obergefell*, Shawn brings two additional issues, each of which challenge the sufficiency of the evidence supporting the decree.  In her second issue, Shawn insists that Mark failed to prove up the ground of insupportability.  The record, including Mark's testimony, belies that contention.  Shawn's assertions to the contrary ultimately implicate instead the district court's judgments as to the credibility and weight of the evidence presented.[10]  We overrule Shawn's second issue.

Shawn's third issue is predicated on her first two, urging that the district court lacked authority to divide the community estate because it had no authority to grant the divorce in the first place.  This contention fails for the preceding reasons.  Alternatively, Shawn asserts that the district

---

[8] *Cf. Pidgeon v. Turner*, 538 S.W.3d 73, 86–87 (Tex. 2017) (observing, in context of holding that *Obergefell* "did not address and resolve" the issue of "whether and the extent to which the Constitution requires states or cities to provide tax-funded benefits to same-sex couples" or invalidate Texas "Defense of Marriage" enactments, "'[w]hatever ramifications *Obergefell* may have for sexual relations beyond the approval of same-sex marriage are unstated at best . . .'" (quoting *Coker v. Whittington*, 858 F.3d 304, 307 (5th Cir. 2017), and citing other authorities recognizing *Obergefell*'s limited scope)).

[9] *See Ex parte Morales*, 212 S.W.3d 483, 488 (Tex. App.—Austin 2006, pet. ref'd) (observing, in context of novel constitutional challenge to Penal Code Section 21.12, that "as an intermediate state appellate court, we must . . . defer to the authoritative pronouncements of higher courts that currently define the scope of the constitutional principles we apply here" (citing *Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 564–65 (Tex. App.—Austin 2004, no pet.))).

[10] *See City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005) (discussing principle that we view the evidence in the light most favorable to the decision, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not).

court improperly characterized certain of her retirement accounts as community property despite her having established their separate character through clear and convincing evidence.[11] We review the district court's division of property under an overarching abuse-of-discretion standard.[12] To establish an abuse of discretion here, Shawn must demonstrate that she presented conclusive evidence that the accounts were separate property and that the mischaracterization materially impacted the district court's division of the community estate.[13] "Evidence is conclusive only if reasonable people could not differ in their conclusions."[14] The evidence fell short of conclusively establishing the separate-property status of the retirement accounts—it included a property inventory from Shawn

---

[11] *See Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (per curiam) ("Parties claiming certain property as their separate property have the burden of rebutting the presumption of community property. To do so, they must trace and clearly identify the property in question as separate by clear and convincing evidence." (citing *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973); Tex. Fam. Code § 3.003(b) ("The degree of proof necessary to establish that property is separate property is clear and convincing evidence."))).

[12] *See, e.g.*, *Roberts v. Roberts*, 531 S.W.3d 224, 232 (Tex. App.—San Antonio 2017, pet. denied) (citing *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981)).

[13] *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017) (where party attacks legal sufficiency of adverse finding (or failure to find) on issue on which it bears the burden of proof, judgment must be sustained unless the record conclusively establishes all vital facts in support of the issue); *see also Matter of Marriage of Ramsey & Echols*, 487 S.W.3d 762, 766 (Tex. App.—Waco 2016, pet. denied) ("It is [the] appellant's burden to prove that any disparity in the division was caused by the mischaracterization of property and that it was of such substantial proportions that it constituted an abuse of the trial court's discretion.").

[14] *City of Keller*, 168 S.W.3d at 816.

4

herself in which she indicated that the accounts in question were community assets.[15] We overrule

Shawn's third issue.

## CONCLUSION

We affirm the district court's final divorce decree.

_____
Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Affirmed

Filed:   June 15, 2018

---

[15] *See, e.g.*, *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("[T]he clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when such testimony is contradicted or unsupported by documentary evidence tracing the asserted separate nature of the property."); *Graves v. Tomlinson*, 329 S.W.3d 128, 139 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (same).