# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00039-CV

---

**Sabrina Ismail, Appellant**

**v.**

**Mohammad Sayem Khan, Appellee**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 17-2600-F425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

---

## DISSENTING OPINION

The divorce decree in this case awards each of the parties an undivided 50% interest "[i]n the parties' partial ownership of land in Mirpur, Bangladesh." Sabrina Ismail contends the district court erred by characterizing this land, if it exists, as community property. I disagree with the majority that Ismail failed to establish an abuse of discretion and would reverse and remand for a new property division. For that reason, I respectfully dissent.

The Family Code directs the trial court presiding over a divorce to make a "just and right" division of the parties' community property. Tex. Fam. Code § 7.001. This division should not be disturbed on appeal absent a clear abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Roberts v. Roberts*, 531 S.W.3d 224, 231 (Tex. App.—San Antonio 2017, pet. denied). A trial court abuses its discretion when its ruling is arbitrary and unreasonable, or made without regard for guiding legal principles or supporting evidence. *Ford*

*Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). Under this standard, sufficiency of the evidence is not an independent ground for appeal but is a relevant factor when determining whether the trial court abused its discretion. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). We ask first whether the trial court had sufficient information on which to exercise its discretion and, if so, whether it erred in applying its discretion. *Id.* The focus of the first prong is on the sufficiency of the evidence. *Cline v. Cline*, 557 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Zeifman v. Michels*, 212 S.W.3d 582, 588 (Tex. App.—Austin 2006, pet. denied)). In the second, we determine whether the trial court's decision was reasonable based on the evidence before it. *Id.*

All property possessed by a spouse on divorce is presumed to be community property. Tex. Fam. Code § 3.003(a). Separate property consists of, relevant here, "property acquired by the spouse during marriage by gift, devise, or descent." *Id.* § 3.001(2). A party claiming certain assets as separate has the burden to rebut the presumption by clear and convincing evidence. *Id.* § 3.003(b). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010) (quoting *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979)). In a legal-sufficiency review under the clear-and-convincing standard, the reviewing court examines all the evidence in the light most favorable to the finding and determines whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true. *In re Marriage of Ramsey & Echols*, 487 S.W.3d 762, 765 (Tex. App.—Waco 2016, pet. denied) (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). Evidence is insufficient when, among other circumstances, it

2

conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

The majority concludes the decree does not purport to divide any spouse's separate property. Instead, the majority construes the decree as dividing their joint, partial ownership interest in land in Bangladesh. But Ismail argues that there is no evidence that the land divided by the decree was in fact jointly owned. In response, Khan argues that the parties jointly purchased the land. He claims that he "provided a copy of an email to the [trial] court [showing] that he paid money to purchase the land." But Khan did not mention this purchase in his testimony at trial, and he did not offer that email into evidence. In fact, the only evidence regarding the character of the land in Bangladesh is Khan's own testimony. He testified that Ismail inherited some of her family's extensive landholdings in Bangladesh and that he saw the property while traveling there. Khan's testimony regarding how Ismail acquired the land is undisputed and thus conclusively establishes it as her separate property. *See id.* at 815 (holding undisputed evidence may "become conclusive when a party admits it is true").

If a court mischaracterizes a spouse's separate property as community property and awards some of it to the other spouse, as the district court did here, "the error is by definition harmful, and we must reverse and remand because the subsequent division of the community estate would divest the spouse of his or her separate property." *In re Marriage of McNelly*, No. 14-13-00281-CV, 2014 WL 2039855, at *7 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.) (citing *Barnard v. Barnard*, 133 S.W.3d 782, 790 (Tex. App.—Fort Worth 2004, pet. denied), and *Smith v. Smith*, 22 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, no pet.)); *see Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011) (per curiam) ("Certainly, a court cannot divest an owner of separate property." (citing

3

*Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140–41 (Tex. 1977))). I therefore would sustain Ismail's second issue and reverse and remand the division of the community estate.

This disposition makes it unnecessary to address Ismail's third issue, in which she alleges that the district court divided the community estate without evidence of its value. *See* Tex. R. App. P. 47.1 (directing courts of appeal to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"). I would, however, sustain Ismail's first issue—her challenge to the child support award—because the amount of the award could have been "materially influenced" by the erroneous property division, and we cannot substitute our discretion for that of the district court.[1] *See Rodgers v. Perez*, No. 03-16-00313-CV, 2017 WL 4348170, at *3 (Tex. App.—Austin Sept. 27, 2017, no pet.) (mem. op.) (reversing child support award for reconsideration after new division of community property on remand); *Colmenero v. Colmenero*, No. 01-14-00071-CV, 2015 WL 1245849, at *3 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.) (mem. op.) (same); *Vazquez v. Vazquez*, 292 S.W.3d 80, 86 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (same); *Wilson v. Wilson*, 132 S.W.3d 533, 539 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (same).

I respectfully dissent.

_____

Edward Smith, Justice

Filed: January 24, 2020

---

[1] I express no opinion on whether the majority's analysis of the merits of Ismail's first issue is correct.

4