

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00229-CV

Billy J. **PORTER**, Jr.,
Appellant

v.

Patricia **PORTER**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 17-1761-CV-C
Honorable William D. Old III, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 26, 2021

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

Billy J. Porter, Jr. appeals a final decree of divorce, challenging the trial court's awards of

disposable military retired pay, attorney's fees, and conditional appellate attorney's fees to Patricia

Porter. We affirm the trial court's order awarding disposable military retired pay. Because the trial

court was not presented with sufficient evidence to support the award of attorney's fees or

conditional appellate attorney's fees, we reverse the award of both and remand for a

redetermination of the fees.

BACKGROUND

In August 2017, Patricia Porter filed a petition for divorce on the grounds of insupportability and adultery, requesting, among other things, a majority of the community assets of the estate, attorney's fees, and conditional appellate attorney's fees. The case proceeded to a bench trial on October 14 and 18, 2019. At the conclusion of trial, the court granted Patricia a divorce on her alleged grounds and awarded her 55% of Billy's disposable military retired pay, $5,000 in attorney's fees, and an additional $30,000 in conditional appellate attorney's fees. A final decree of divorce and domestic relations order reflecting the same, along with other relief, was entered thereafter. Billy timely filed a notice of appeal.

On appeal, Billy argues the trial court erred by awarding Patricia (1) a portion of his disability payments, (2) attorney's fees, and (3) conditional appellate attorney's fees.

DISCUSSION

A.  **Disposable Retired Pay and Disability Payments**

In his first point of error, Billy contends the trial court's award of 55% of his disposable military retired pay to Patricia erroneously includes disability payments that are his separate property. Patricia asserts that Billy misconstrues the decree. She argues the court did not award her any of Billy's military disability benefits and the decree expressly awarded Billy all his "VA Disability and Social Security Disability benefits" as his separate property.[1]

We review a trial court's division of property for abuse of discretion. *Garza v. Garza*, 217 S.W.3d 538, 548-49 (Tex. App.—San Antonio 2006, no pet.). The trial court abuses its discretion

---

[1] Patricia also contends Billy failed to timely object to the specific language of the decree he now complains about and thus has not preserved the error for appellate review. However, the record reflects Billy objected to the award of his disability benefits to Patricia during the final hearing and, after the entry of the final decree of divorce, Billy timely moved for a new trial arguing Patricia was erroneously awarded his disability benefits. The issue was therefore preserved. *See* TEX. R. APP. P. 33.1.

if the court acts without reference to guiding rules or principles, or if its action is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision. *Garza*, 217 S.W.3d at 549. Moreover, a trial court's mere mischaracterization of separate property as community property does not require reversal for abuse of discretion. *See In re Marriage of Ramsey & Echols*, 487 S.W.3d 762, 766-67 (Tex. App.—Waco 2016, pet. denied). Instead, an appellant has the burden of showing that any disparity in the property division was caused by the mischaracterization and the disparity was so substantial that it constituted an abuse of the trial court's discretion. *Id.*

Federal law prohibits state courts from treating military disability pay as community property. *See Howell v. Howell*, 137 S. Ct. 1400 (2017); *Thomas v. Piorkowski*, 286 S.W.3d 662 (Tex. App.—Corpus Christi 2009, no pet.). Billy complains the trial court violated this prohibition by awarding to Patricia as her separate property:

> P-9. Fifty-five percent (55%) of BILLY J. PORTER, JR.'S *disposable military retired pay* with COLA, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of BILLY J. PORTER, JR.'S service in the United States Army, *including* any accrued unpaid bonuses, *disability plan or benefits*, or other benefits existing by reason of or as a result of BILLY J. PORTER, JR's past, present, or future employment, and more particularly defined in a domestic relations order signed coincident with this Final Decree of Divorce and incorporated verbatim in it by reference. (emphasis added)[2]

The court used identical language in its award of separate property to Billy:

> R-8. All sums of BILLY J. PORTER, JR.'S disposable military retired pay with COLA, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights

---

[2] As Patricia observes in her brief, the language used in this provision appears to be form language. Courts in a number of cases have quoted from decrees using near identical language, but none of those cases addressed the particular issue Billy raises. *See, e.g.*, *Parrish v. Dunahoo*, No. 07-15-00029-CV, 2016 WL 6092386, at *2 (Tex. App.—Amarillo Oct. 14, 2016, no pet.) (mem. op.); *Salazar v. Salazar*, No. 03-13-00385-CV, 2015 WL 307401, at *1 (Tex. App.—Austin Jan. 23, 2015, pet. denied) (mem. op.); *Hicks v. Hicks*, 348 S.W.3d 281, 284 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

related to or as a result of BILLY J. PORTER, JR.'S service in the United States Army, including any accrued unpaid bonuses, disability plan or benefits, or other benefits existing by reason of or as a result of BILLY J. PORTER, JR.'S past, present, or future employment, except that portion of BILLY J. PORTER, JR.'S disposable military retired pay that has been awarded in this decree to PATRICIA PORTER, as more particularly specified in the domestic relations order signed coincident with this Final Decree of Divorce and incorporated verbatim in it by reference.

In addition to the above disposition of Billy's disposable military retired pay, the trial court expressly ordered "that the VA Disability and Social Security Disability benefits received by BILLY J. PORTER JR. for the benefit of BILLY J. PORTER JR. is confirmed as his separate property."

We construe decrees and orders as a whole to harmonize and give effect to the entire decree or order. *See Parrish v. Dunahoo*, No. 07-15-00029-CV, 2016 WL 6092386, at *3 (Tex. App.—Amarillo Oct. 14, 2016, no pet.) (mem. op.). Both paragraphs P-9 and R-8 incorporate by reference the domestic relations order (DRO) verbatim, with paragraph P-9 stating it incorporates the definition of disposable military retired pay in the DRO. The DRO does not use or define the phrase "disposable military retired pay," but it defines "disposable retired pay." The DRO also states "[i]t is therefore ordered that former spouse have a judgment against and recover from servicemember a sum equal to 55.0000 percent of servicemember's disposable retired pay." It is thus evident the decree uses "disposable military retired pay" to mean "disposable retired pay" as used in the DRO.

The DRO defines "disposable retired pay" as having "the meaning provided in the Uniformed Services Former Spouses' Protection Act (10 U.S.C. §1408 et. seq.)." This is repeated in the court's findings of fact and conclusions of law. The Uniformed Services Former Spouses' Protection Act authorizes state courts to treat "disposable retired pay" as community property and divide it in a divorce. 10 U.S.C. § 1408(c)(1); *see Howell v. Howell*, 137 S. Ct. 1400, 1403 (2017).

The Act defines "disposable retired pay" that may be apportioned in a divorce. 10 U.S.C. § 1408(a)(4). The Act expressly excludes from "disposable retired pay" amounts received as military disability pay and amounts of retired pay waived in order to receive certain disability benefits. 10 U.S.C. 1408(a)(4)(A)(ii)-(iii); *see Mansell v. Mansell*, 490 U.S. 581, 584–85 (1989); *Thomas v. Piorkowski*, 286 S.W.3d 662, 666-67 (Tex. App.—Corpus Christi 2009, no pet.).

The trial court ruled at the final hearing "[t]he disability income and the Social Security disability income cannot be divided by the Court." The court's ruling is reflected in its decree: it awards Billy's VA Disability and Social Security Disability benefits to him as his separate property and awards to Patricia a percentage of Billy's disposable retired pay, which by definition excludes any of his military disability pay. We therefore hold the trial court did not divide Billy's disability payments and we overrule his first point of error.

### B. Attorney's Fees

In his second point of error, Billy argues the trial court erred in awarding $5,000 in attorney's fees to Patricia because the evidence is insufficient to support the award under the Texas Supreme Court's decision in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019).[3] We agree.

In a divorce suit, the court may award reasonable attorney's fees and expenses. TEX. FAM. CODE § 6.708. A trial court has great discretion in deciding whether to issue such an award. *Lodhi v. Haque*, No. 04-18-00917-CV, 2019 WL 5765787, at *8 (Tex. App.—San Antonio Nov. 6, 2019, pet. denied) (mem. op.). The Texas Supreme Court clarified the law governing recovery of attorney's fees in *Rohrmoos*. An award of attorney's fees must be based on proof the fees are both

---

[3] Patricia argues Billy did not object to the attorney's testimony on attorney's fees. However, Billy is permitted to challenge the sufficiency of the evidence to support the trial court's award of attorney's fees for the first time on appeal. *See* TEX. R. APP. P. 33.1(d); *In re A.T.*, No. 05-16-00539-CV, 2017 WL 2351084, at *16 (Tex. App.—Dallas May 31, 2017, no pet.) (mem. op.).

reasonable and necessary. *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 838 (Tex. App.—El Paso 2019, no pet.) (citing *Rohrmoos*, 578 S.W.3d at 488). *Rohrmoos* establishes "the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate," which is known as the base fee or product known as the lodestar. *Martinez Jardon*, 593 S.W.3d at 838-39 (quoting *Rohrmoos*, 578 S.W.3d at 498).

The fee claimant bears the burden of providing sufficient evidence of the reasonableness of both the hours worked and the hourly rate. *Id.* Sufficient evidence "includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.* at 839 (quoting *Rohrmoos*, 578 S.W.3d at 498). "General, conclusory testimony devoid of any real substance will not support a fee award." *Id.* (citing *Rohrmoos*, 578 S.W.3d at 501). Although a party is not required to offer billing records as proof of reasonableness and necessity of fees, they "are *strongly* encouraged," particularly when reasonableness and necessity are disputed. *Id.* (citing *Rohrmoos*, 578 S.W.3d at 502). If, after the evidence is presented, relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case, the trial court or fact finder may adjust the lodestar up or down. *Id.* (citing *Rohrmoos*, 578 S.W.3d at 501).

Patricia's counsel, Erin L. Groce, testified that three attorneys worked on the case and she was now the most senior attorney that worked on the case. Groce testified her hourly rate was $300 and that it was $250 earlier in the case when she covered hearings for her colleague Katie Sanvictores—whose rate was also $250. Groce did not testify as to when the change in her rate took place or the division of hours between the former and current rates. She further testified a second colleague, Jordan Cadenhead, worked on the case at $200 per hour along with "staff." She stated they collectively litigated the case for two years and fees totaled $53,813.75. Groce also

testified her law firm's rates were "fair and reasonable based upon the time expended," but she did not testify as to the number of hours. She further testified they charged for travel time to Seguin for court hearings, including four separate hearings related to Billy's effort to reduce the amount of spousal maintenance, but did not provide any further description of the actual legal services performed by the attorneys. Groce testified Billy filed a separate suit in the justice of the peace court that the law firm litigated for Patricia, but she did not identify the fees related to that litigation or the number of hours worked or offer any other details. The court awarded $5,000 in attorney's fees to Patricia for the trial and an additional $30,000 in conditional appellate attorney's fees in the event of an unsuccessful appeal by Billy.

Groce provided evidence that her own hourly rate was reasonable based on her experience, evidence of the hourly rate charged by the other two attorneys, testified that there were a series of hearings in the case, and stated the total amount of attorney's fees billed to Patricia. Beyond those facts, Groce's testimony is largely conclusory. No billing records were presented as evidence. *Rohrmoos* establishes that even if a party does not offer into evidence any billing records, *at a minimum*, evidence must be presented regarding the particular services performed, who performed the services, when the services were performed, and the reasonable amount of time required to perform the services. *See id.* Although the trial court took judicial notice of the case file, nothing in the testimony or admitted into evidence suggests there was any sense of the amount of time worked on any given matter related to Patricia's divorce, who worked on it, or whether there was any basis for adjusting the base lodestar amount.

Patricia argues her attorney provided the same level of detail as the attorney in *In re A.M.*, No. 02-18-00412-CV, 2020 WL 3987578, at *4–5 (Tex. App.—Fort Worth June 4, 2020, no pet.) (mem. op.). However, *A.M.* is distinguishable. In *A.M.*, unlike here, the father's counsel testified in support of his attorney's fees in connection with a single hearing. He testified as to his rate, his

experience, and board certification, establishing the reasonableness of his rate. *Id.* He testified the total bill was $2,855, and he billed five hours in connection with the hearing, comprised of two hours of preparation and three hours for travel. *Id.*

Patricia also argues her case is similar to *In re S.G.* because it is clear the trial court did not include the work of the other non-testifying attorneys in making its award. No. 08-19-00008-CV, 2020 WL 103971, at *10 (Tex. App.—El Paso Jan. 9, 2020) (mem. op.). However, nothing in the record suggests the trial court strictly relied on Groce's work in awarding less than one-tenth of the amount requested. The trial court never stated it was relying solely on Groce's work or the reasons for the amount of its award, and Groce never testified she performed approximately one-tenth of the work. Groce affirmatively testified as to the rate of the other attorneys on the case and the total amount billed to Patricia by her law firm, and the trial court here, unlike *S.G.*, was never presented with billing records. *See id.* at *11.

Because Patricia failed to offer sufficient proof the attorney's fees were both reasonable and necessary pursuant to *Rohrmoos*, the trial court abused its discretion by awarding attorney's fees. We sustain Billy's second point of error.

## C. Appellate Attorney's Fees

In his third point of error, Billy argues the trial court erred in awarding Patricia $30,000 in conditional appellate attorney's fees because there was no evidence of work to be done for Patricia if Billy appealed the case. We agree.

An award of conditional appellate attorney's fees is an award of fees that a party is not entitled to recover until an appeal is resolved in that party's favor. *Sky View at Las Palmas, LLC v. Mendez*, 555 S.W.3d 101, 116 (Tex. 2018), *opinion corrected on reh'g* (Sept. 28, 2018); *Branfman v. Alkek*, No. 13-18-00554-CV, 2020 WL 2776719, at *4 (Tex. App.—Corpus Christi May 28, 2020, no pet.) (mem. op.). Because an award of conditional appellate attorney's fees

depends on the outcome of the appeal and is not a final award until an appellate court issues its final judgment, the full evidentiary requirements of *Rohrmoos* are not implicated. *See Yowell v. Granite Operating Co.*, No. 18-0841, 2020 WL 2502141, at *13 (Tex. May 15, 2020). Nevertheless, a party seeking conditional appellate attorney's fees must offer "opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Id.*; *see Aguilar v. Wells Fargo Bank, N.A.*, No. 07-20-00036-CV, 2021 WL 317641, at *6 (Tex. App.—Amarillo Jan. 29, 2021, no pet.).

Here, Groce's testimony addressed attorney's fees incurred by Patricia in the trial court and in the separate justice court proceeding, but she did not offer any evidence regarding appellate attorney's fees. Because Patricia offered no evidence to support the trial court's awards of contingent appellate attorney's fees, we also reverse the judgment as to that award.

### D. Remand

Because attorney's fees were authorized but the evidence was insufficient under *Rohrmoos* to support the amounts awarded, the proper remedy is to reverse the awards and remand the case for a new hearing on fees. *See Rohrmoos*, 578 S.W.3d at 506; *Sloane v. Goldberg B'Nai B'Rith Towers*, 577 S.W.3d 608, 622 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Zaidi v. Shah*, 502 S.W.3d 434, 446 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (appellate courts may not generally grant greater relief than requested). We therefore remand the case for a redetermination of attorney's fees.

### CONCLUSION

We reverse the trial court's awards of trial and appellate attorney's fees and remand the case to the trial court for a redetermination of attorney's fees. In all other respects, the trial court's decree of divorce is affirmed.

Luz Elena D. Chapa, Justice