

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-21-00299-CV**

**IN THE MATTER OF THE MARRIAGE OF**
**ANGELA NICOLE SMITH AND**
**CHRISTOPHER LEVI SMITH AND**
**IN THE INTEREST OF**
**S.A.S. AND C.L.S., CHILDREN**

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. CV-40923-D**

## MEMORANDUM OPINION

Christopher Levi Smith appeals the trial court's rulings regarding child custody, child support, property division, and property characterization. We will affirm as modified.

**Factual and Procedural Background**

Angela and Christopher Smith were married in April of 2006 and separated after fourteen years of marriage. Angela filed for divorce in September of 2020, and

Christopher filed an answer and counter petition. During the marriage, the Smiths acquired assets, including a marital residence, and became parents of two children, S.A.S. and C.L.S. The Smiths entered into a Rule 11 agreement on temporary orders. After a contested bench trial, the trial court granted the divorce and designated Angela and Christopher as joint managing conservators of the children. The trial court gave Angela the exclusive right to designate the children's primary residence, the exclusive right to receive child support payments, and the exclusive right to make decisions concerning the children's education. The trial court gave Christopher possession of the children pursuant to the standard possession order. *See generally* TEX. FAM. CODE ANN. § 153.312.

### Issue One

In his first issue, Christopher challenges the factual sufficiency of the evidence supporting the trial court's designation of Angela as the joint managing conservator with the exclusive right to determine the children's primary residence and granting Christopher the rights of a possessory conservator under the standard possession order.

AUTHORITY

The primary consideration in determining issues of conservatorship and possession of and access to a child is the best interest of the child, and the trial court is given great latitude in determining what is in a minor child's best interest. TEX. FAM. CODE ANN. § 153.002; *see Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). That broad latitude applies also to the trial court's designation of the parent responsible for

determining the child's primary residence and whether to specify a geographic limitation. *In re K.L.W.*, 301 S.W.3d 423, 428 (Tex. App.—Dallas 2009, no pet.); *see also Morris v. Veilleux*, No. 03-20-00385-CV, 2021 WL 4341967, at *2 (Tex. App.—Austin Sept. 24, 2021, no pet.) (mem. op.).

Findings regarding conservatorship and child support are governed by a preponderance-of-the-evidence standard. *See* TEX. FAM. CODE ANN. § 105.005; *see also In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007).

We use an abuse-of-discretion standard when reviewing a trial court's ruling on issues related to conservatorship. *See In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021), *cert. denied sub. nom. R.S.C. v. Tex. Dep't of Fam. & Protective Svcs.*, ___ U.S. ___, 142 S.Ct. 1139 (2022). The abuse-of-discretion standard applies as well to what is in the best interest of a child in relation to those matters. *Id.* The trial court abuses its discretion when it acts "'without reference to any guiding rules or principles, or in other words, [when it acts] arbitrarily or unreasonably.'" *Id.* (quoting *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)).

When applying an abuse-of-discretion standard, challenges to the legal and factual sufficiency of the evidence are not independent grounds of error but are factors used in assessing whether the trial court abused its discretion. *In re J.J.R.S.*, 607 S.W.3d 400, 404 (Tex. App.—San Antonio 2020), *aff'd*, 627 S.W.3d at 211; *see also In re A.L.E.*, 279 S.W.3d 424, 427-28 (Tex. App.—Houston [14th Dist.] 2009, no pet.). We first ask whether the trial court had sufficient evidence on which to exercise its discretion and second whether it erred in applying its discretion. *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin

2002, no pet.). A trial court does not abuse its discretion when there is "some evidence of a substantive and probative character to support the trial court's judgment." *J.J.R.S.*, 607 S.W.3d at 404 (quoting *In re K.S.*, 492 S.W.3d 419, 426 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)). We consider only the evidence most favorable to the trial court's ruling and will uphold its judgment on any legal theory supported by the evidence. *Worford*, 801 S.W.2d at 109; *see also Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011).

Conservatorship determinations are "intensely fact driven." *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002). The trial court, as the finder of fact in a bench trial, is in the best position to determine the candor, demeanor, and credibility of the witnesses. *In re Marriage of Elabd*, 589 S.W.3d 280, 288 (Tex. App.—Waco 2019, no pet.). "[W]e defer to the trial court's resolution of underlying facts and to the credibility determinations that may have affected its decision." *Id*. An abuse of discretion generally does not occur when a trial court bases its decision on conflicting evidence. *Id*. It is within the fact finder's province to resolve such conflicts in the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005).

> The court presumes that appointment of parents as joint managing conservators is in the best interest of the child. *See* TEX. FAM. CODE § 153.131. . . . [T]he court must specify the rights and duties of conservatorship that each parent may exercise, and it is not required to award these rights equally or require that they be exercised jointly. *See id*. § 153.071; *Stillwell v. Stillwell*, No. 03-17-00457-CV, 2018 WL 5024022, at \*4 (Tex. App.—Austin Oct. 17, 2018, pet. denied) (mem. op.). When parents are appointed joint managing conservators, the court must designate the parent "who has the exclusive right to determine the primary residence of the child," either with or without geographic limitations. TEX. FAM. CODE § 153.134(b)(1).

*Wright v. Berger*, No. 01-18-00964-CV, 2020 WL 1917839, at *5 (Tex. App.—Houston [1st Dist.] Apr. 21, 2020, no pet.) (mem. op.).

In determining the best interest of a child, the appellate courts have generally held that the evidence should be evaluated using the non-exclusive factors enumerated in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). *See In re A.J.M.*, No. 10-14-00284-CV, 2016 WL 936869, at *3 (Tex. App.—Waco Mar. 10, 2016, no pet.) (mem. op.); *see also In re Doe 2*, 19 S.W.3d 278, 282 n.20 (Tex. 2000) (recognizing that intermediate appellate courts use *Holley* factors to ascertain best interest of child in conservatorship cases). These factors include:

> the child's desires; the child's current and future physical and emotional needs; current and future emotional and physical danger to the child; parental abilities of the persons seeking custody; programs available to assist those persons seeking custody to promote the best interest of the child; plans for the child by the individuals or agency seeking custody; stability of the home or proposed placement; acts or omissions of the parent that may indicate the existing parent-child relationship is not appropriate; and any excuse for the parent's acts or omissions.

*In re A.L.H.*, 515 S.W.3d 60, 79 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Holley*, 544 S.W.2d at 371-72). This list of factors is not exhaustive, and evidence is not required on all the factors. *In re D.R.A.*, 374 S.W.3d 528, 533 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

DISCUSSION

After entry of the decree of divorce, the trial court entered the following findings of fact now challenged by Christopher in this issue:

5. It is in the best interest of the children that [Angela] and [Christopher] be appointed joint managing conservators of the children and that [Angela] have the right to designate the children's primary residence within Falls, Robertson, Bell, Milam, McLennan, or Limestones [sic] counties in Texas, the exclusive right to receive child support payments, and the exclusive right to make decisions concerning the children's education.

6. The periods of possession comply with the Standard Possession Order.

The trial court entered Conclusions of Law applicable to this issue as follows:

5. [Angela] and [Christopher] should be named joint managing conservators of the children and that [Angela] have the right to designate the children's primary residence within Falls, Robertson, Bell, Milam, McLennan, or Limestones [sic] counties in Texas, the exclusive right to receive child support payments, and the exclusive right to make decisions concerning the children's education.

6. [Christopher] is entitled to periods of possession with [S.A.S.] and [C.L.S.] pursuant to the Standard Possession Order.

. . .

8. The orders concerning the children in this care [sic] are in the best interest of the children.

The record from the trial court reflects that S.A.S. informed the trial court that she would "rather stay with mom." S.A.S. explained that she wanted to live with her mom because, "I like being with mom." S.A.S. added, "I like going to work with mom and working and helping her do a lot of things." When asked by the trial court, S.A.S. agreed that if she had her say she would prefer to live with her mother and visit her father on weekends.

Angela testified that, prior to she and Christopher's separation, she was the parent who stayed with the children when they were sick, took the children to doctor's appointments, helped S.A.S. with homework, prepared the meals, dealt with parenting responsibilities in the evening, and put the children to bed in the evening. Angela also testified that she believed it was in the best interest of the children for her to be appointed the primary conservator and that the children should live with her. Angela accused Christopher of being harsh in tone with the children and yelling at her in front of the children. Angela accused Christopher of drinking too much around the children and also accused Christopher of dragging S.A.S. into their marital dispute.

Christopher testified that, prior to he and Angela's separation, he was the parent who picked up the children from school and daycare each day, spent more time with the children than Angela, regularly took the children places, took the children to their doctor's appointments, stayed home with the children when they were sick if Angela had to work, watched the children most weekends while Angela worked, always took the children to their Tuesday evening programs at church, and did ninety percent of the indoor cleaning around their house.

Christopher's mother, Suzanne, testified that she and her husband took the children to the doctor on several occasions and that she has concerns about Angela's attention to their medical needs. Suzanne also expressed concerns about the children's diet and the availability of junk food in the home. Suzanne testified that Angela does not

keep the house well and that, "It's messy. It's dirty. Their rooms are unkept." Suzanne also believed that Angela has not taught the children to be responsible for their rooms or personal grooming. Suzanne added, "The girls love Chris. And he plays with them. He takes them places. He takes them to family functions."

Other evidence presented at trial included testimony from multiple witnesses that Angela had a good loving relationship with the children, that the children were well behaved, and that there were no concerns for the children while in Angela's care.

One witness testified that both Angela and Christopher are very good parents that attend church as a family. The witness denied observing either Angela or Christopher drinking alcohol to excess and said they treated each other fine.

Another witness testified Christopher was a good father and that he never had any concerns with Christopher's treatment of the children. The witness also confirmed he had never seen Christopher drink alcohol to excess.

In the end, both parties produced evidence that they were good parents, and both attacked the parenting skills of the other. Both parties introduced evidence that the other parent abused alcohol or was intoxicated around the children, and both parties conceded they drank alcoholic beverages. Angela introduced testimony that Christopher watched pornography, and Christopher introduced testimony that Angela also watched pornography. Both parties sponsored witnesses that testified in support of their contentions or refuted the other's contentions.

Based on our review of the record under the appropriate standard for determining the factual sufficiency of the evidence and considering the above evidence relevant to the *Holley* factors, we conclude that the trial court had sufficient evidence upon which to exercise its discretion, that the evidence was factually sufficient to support the trial court's findings of fact set forth above, and that the findings are not against the great weight and preponderance of the evidence. Additionally, the findings of fact support the trial court's conclusions of law set forth above.

We overrule Christopher's first issue.

**Issue Two**

In his second issue, Christopher contends that the trial court abused its discretion by ordering him to pay child support. Specifically, Christopher asks this Court to reverse the trial court's order requiring him to pay child support and to remand the case to the trial court with directions to reconsider the award of child support as it reconsiders conservatorship and possession aspects of the decree. Alternatively, Christopher contends that the trial court abused its discretion by ordering him to pay child support because the trial court's findings regarding conservatorship and possession of the children are contrary to the great weight and preponderance of the evidence.

Because we have decided that the trial court's finding that Angela should be designated the parent responsible for determining the children's primary residence is not

contrary to the great weight and preponderance of the evidence, we overrule Christopher's second issue.

**Issue Three**

In his third issue, Christopher contends that the trial court abused its discretion by awarding the marital home to Angela.

AUTHORITY

Section 7.001 of the Family Code provides: "the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. The trial court's division of the community estate is subject to review for an abuse of discretion. *In re Marriage of Ramsey & Echols*, 487 S.W.3d 762, 766 (Tex. App.—Waco 2016, pet. denied) (citing *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981)). The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Id.* The trial court in exercising its broad discretion may consider many factors, including:

> the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support.

*Id.*

DISCUSSION

Christopher asks this court to reverse the trial court's award of the marital home to Angela and to remand the case to the trial court for reconsideration of the award of the marital home to Angela as it reconsiders possession and access aspects of the decree. Christopher specifically references finding of fact fifteen which provides:

> The Court took into consideration the following factors in making a determination of a just and right division of the marital estate . . . the value of the community estate, the separate estate of each party, any indebtedness owed by the community estate, the conduct of the parties during the marriage, the income and education and work experience of the parties, and the needs of the children the subject of this suit.

> The value of the community estate was approximately $750,000.00. The Court awarded 53% of the community estate to Petitioner and 47% of the community estate to Respondent.

> The Court confirmed certain items of separate property of both Petitioner and Respondent.

And conclusion of law nine which provides:

> The division of property in this case is just and right.

In his argument, Christopher references evidence that he contracted and supervised construction of the marital home and that he did ninety percent of the indoor cleaning and all of the outside maintenance of the marital home. In addition, Christopher directs us to evidence that Angela did not maintain the marital home or keep it clean. Christopher's argument is essentially that he built and maintained the marital home therefore it should be awarded to him. Our review of the evidence reflects that the

children lived on the same property in a different residence before the Smiths moved into the marital residence after it was built in 2019. S.A.S. was also in a public school in the area.

The trial court's award of the marital home to Angela was clearly within the broad discretion of the trial court and did not amount to a division of the community estate that was so unjust and unfair as to constitute an abuse of discretion. *See In re Marriage of Ramsey & Echols*, 487 S.W.3d at 766.

We overrule Christopher's third issue.

**Issue Four**

In his fourth issue, Christopher contends that the trial court abused its discretion by finding certain assets to be community property contrary to undisputed testimony.

Angela concedes this issue in her brief. We will therefore sustain Christopher's fourth issue and modify the property division in the decree of divorce and set aside the 1985 Ford Mustang, 1996 Ford Truck, 10' x 5' utility trailer, wooden end-table, baseball collection, comic book collection, and magazine collection, requested by Christopher in his brief, as his separate property.

**Conclusion**

We affirm the judgment of the trial court as modified.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed as modified
Opinion delivered and filed March 22, 2023
[CV06]

